Argued September 21, reversed and remanded October 19, 1972

## STATE OF OREGON, *Respondent, v.* DELBERT KENNETH ZIMMERMAN (No. C-72-01-0181 Cr), *Appellant.*

501 P2d 1304

*Oscar D. Howlett,* Portland, argued the cause and filed the brief for appellant.

*Al J. Laue,* Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Lee Johnson, Attorney General, and John W. Osburn, Solicitor General, Salem.

Before SCHWAB, Chief Judge, and FOLEY and THORNTON, Judges.

FOLEY, J.

Defendant was convicted by jury of driving while under the influence of intoxicating liquor. Promptly following his arrest defendant was taken to police headquarters and as part of their investigation the officers had defendant perform a series of physical dexterity movements and had him repeat certain words. During the time these tests were being conducted a video tape was attempted to be made reflecting his performance. At the trial this video tape was introduced in evidence by the state and projected before the jury. Defendant assigns this as error, asserting that it was a prejudicial, inaccurate portrayal of the defendant.

While there was adequate evidence besides the video tape to present a jury question as to defendant's guilt, the picture which the jury was permitted to view resulted in unfair prejudice to the defendant.

The first part of the tape was audio only, no picture at all appearing. Then an indistinct, wraithlike picture, apparently of a human, emerged on the video screen and the figure appeared to move about unsteadily from side to side. This unrecognizable, ghost-like figure remained in view several minutes, and continued to move, almost rhythmically, from side to side. The features were not recognizable as those of defendant but the video picture was represented by the state to be a fair portrayal of the defendant. Defense counsel objected at this point and the court overruled the objection. The state's witness by whose testimony

the video tape was introduced thereafter admitted in response to questions in aid of an objection that the video picture was not an accurate portrayal of the defendant on the night in question. Defendant moved for a mistrial and continued to object as the distorted picture continued to be shown. The court denied the motion for mistrial and declined to instruct the jury to disregard the distorted portion of the video. The decision whether or not to allow a mistrial may have been a discretionary matter, but the jury should have been instructed to disregard the distorted portion of the tape. *See State v. Kristich,* 226 Or 240, 359 P2d 1106 (1961). We conclude that the failure of the court to so instruct prevented the defendant from having a fair trial.

Reversed and remanded.