Argued October 2, affirmed November 26, 1973

## STATE OF OREGON, *Respondent, v.* BILL FLOYD KASER (No. 19857), *Appellant.*

515 P2d 1330

*Harold L. Olsen,* St. Helens, argued the cause for appellant. With him on the briefs were Vagt, Olsen & Coon, St. Helens.

*John W. Osburn,* Solicitor General, Salem, argued the cause for respondent. With him on the brief was Lee Johnson, Attorney General, Salem.

Before SCHWAB, Chief Judge, and LANGTRY and FORT, Judges.

FORT, J.

Defendant was charged and convicted of the crime of driving while under the influence of intoxicating liquor. ORS 483.992 (2). He appeals.

The offense with which defendant is charged occurred on Sunday, March 19, 1972. About two hours after investigating an accident and obtaining descriptions of both the vehicle and its suspected driver, a

police officer located the defendant at a tavern-restaurant several miles from the scene of the accident. At that time defendant was asked to perform some field sobriety tests and was then transported to jail where a Breathalyzer test was administered. Following the test, police issued a citation for driving a motor vehicle with .15 per cent or higher level of alcohol in his blood. The following day, March 20, 1972, defendant was issued an additional citation for driving a motor vehicle while under the influence of intoxicating liquor (DUIL). ORS 483.992 (2).

On June 21, 1972, defendant was tried and convicted by a jury in justice court on the DUIL charge. The charge under ORS 483.999 was not tried and, after the justice court conviction, was dismissed on motion by the district attorney on June 28, 1972.

Defendant then appealed the DUIL conviction to circuit court and on July 12, 1972, moved the court to dismiss it on the ground that he had been twice put in jeopardy for the same offense, citing ORS 134.140, 134.150, *State v. Brown,* 262 Or 442, 497 P2d 1191 (1972). *State v. Rowe,* 15 Or App 391, 515 P2d 1352 (1973).

■ Here the defendant was placed in jeopardy but once—when he was tried for driving under the influence of intoxicating liquor. It was clear the prior filing and subsequent dismissal of the ORS 483.999 charge did not place the defendant in jeopardy on that charge. *State v. McCormack,* 8 Or 236 (1880).

■ For purposes of ORS 134.140①, ORS 483.999 and

---

① ORS 134.140 provides:
    "(1) If the court directs the charge or action to be dismissed, the defendant, if in custody, shall be discharged. If he

483.992 (2) are not the same offense. *State v. Abbott*, 15 Or App 205, 514 P2d 355 (1973), Sup Ct *review denied* (1974).

■ Defendant next asserts his arrest was illegal because it occurred on Sunday and without a warrant. The arresting police officer testified that he took defendant into custody on a Sunday for driving under the influence of intoxicating liquor. ORS 483.992 (2).

ORS 133.240 provides:

> "If the crime charged is a felony, the arrest may be made on any day and at any time of the day or night; but if it is a misdemeanor, the arrest cannot be made on Sunday, unless upon the direction of the magistrate, indorsed upon the warrant."

This statute has not been amended since its original adoption in 1864. Deady, General Laws of Oregon 1845-64, Code of Criminal Procedure 504, ch 36, § 363. Chapter 36 is entitled: "Arrest—How and by Whom Made." From an examination of the chapter it becomes apparent that § 363 was intended to apply only to the service of an arrest warrant, not to an arrest without a warrant, whether by a peace officer or by a private person.

As can be seen, the former[2] statutory scheme here involved deals, in order, first with arrests by a peace officer under a warrant (§§ 362-369), then by a peace

---

has been admitted to bail, his bail is exonerated and money deposited in lieu of bail shall be refunded to him.

"(2) An order for the dismissal of a charge or action, as provided in ORS 134.010 to 134.160, is a bar to another prosecution for the same crime if the crime is a misdemeanor; but it is not a bar if the crime charged is a felony."

[2] The new Oregon Criminal Procedure Code (Oregon Laws 1973, ch 836) has no application here. Many changes relative to arrest are made therein.

officer without a warrant (§§ 370-373), and finally by a private person (§ 375). The subsequent repeal of § 362 (ORS 133.230) by Oregon Laws 1971, ch 743, § 432, in our view, does not indicate any intention by the legislature to make § 363 apply to other than arrests pursuant to warrant. *State v. Allen,* 248 Or 376, 383, 434 P2d 740 (1967). *See also:* 15 Op Att'y Gen 203 (Or 1931).

Defendant next asserts the Breathalyzer machine and ampoule were not properly tested as required by ORS 483.644.

■■ Absent proof of compliance with ORS 483.644, a Breathalyzer test is inadmissible. *State v. Fogle,* 254 Or 268, 459 P2d 873 (1969). Unlike *Fogle,* the Breathalyzer and ampoule here used were shown to have been tested within 60 days prior to the administration of the test.[®] *State v. Zimmerman,* 11 Or App 166, 510 P2d 1336, Sup Ct *review denied* (1973).

■ Defendant next asserts that the testing of the Breathalyzer and ampoule was not properly certified as required by ORS 483.644 (2) (c). He asserts that there was no evidence introduced that the person who certified the accuracy of the Breathalyzer and ampoule was a trained technician. This is without merit. *State v. McKay,* 15 Or App 180, 515 P2d 183 (1973), Sup Ct *review denied* (1974) by this court, holds otherwise.

---

[®] The Breathalyzer had been tested and certified on March 7, 1972, and the ampoule had been certified and tested on February 18, 1972. State's Exhibit No. 1. The test was administered on March 19, 1972. ORS 483.644 (2) (c) requires the State Board of Health to "[t]est * * * equipment to be used." Thus, there is no need to show the condition after the use. A defendant may, of course, challenge the condition of the equipment if he wishes, but the legislative intent is clear that the presumption of validity extends for the 60-day period prescribed.

*See also: State v. Brady,* 223 Or 433, at 441-42, 354 P2d 811 (1960).

Defendant next asserts that the court erred in refusing to grant his motion for a mistrial based upon the following testimony offered by the state's witness during rebuttal:

"Q [by the prosecutor] Okey [sic]. Now, officer, when you testified earlier there was some discussion, questions asked you about the alcohol influence interview report by me and also by Mr. Olsen. And then there were some questions asked about your interview with him on the back page of your report, and during your conversation with him at that time did he make any statements to you about drinking other than the fact that he'd been drinking that night?

"A Yes, he did.

"Q And what was that?

"A Well, at the Columbia County Jail downstairs Mr. Kaser told me he had a drinking problem, that he'd been a member of the AA, Alcohol Anonymous Club down in southern Oregon, Klamath Falls.

"[by defendant's attorney] Your Honor, I would like to object here to this question and ask that it be striken [sic] on the grounds of its irrelevance.

"* * * * *

"THE COURT: And all of the wit — the question and the witness' answer last given are stricken from the record and the jury instructed to disregard it."

No motion for a mistrial was made at that time. It was made only after all the evidence was in and defendant's motion for directed verdict had been argued and denied.

It is elementary that a motion for a mistrial should be made promptly. Furthermore, the trial court has broad discretion in granting or denying the motion. It is clear here that there was no abuse of discretion.

The remaining assignments of error are without merit.

Affirmed.