Argued and submitted August 22, affirmed October 27, reconsideration denied November 25, 1980, petition for review allowed January 13, 1981

## STATE OF OREGON,
*Respondent,*

*v.*

## MARVIN DUANE GRENVIK
*Appellant.*

## (Nos. T79 5-2472, T79 5-2473, CA 17668)

618 P2d 460

William K. Uhle, Oregon City, argued the cause and filed the brief for appellant.

Robert D. Bulkley, Assistant Attorney General,

Salem, argued the cause for respondent. With him on the brief were James M. Brown, Attorney General, John R. McCulloch, Jr., Solicitor General, and William F. Gary, Deputy Solicitor General, Salem.

Before Richardson, Presiding Judge, and Thornton and Buttler, Judges.

RICHARDSON, P.J.

### RICHARDSON, P.J.

Defendant appeals his conviction in a jury trial for the traffic crime of driving under the influence of intoxicants (ORS 487.540). Prior to trial, the state requested a hearing to determine the admissibility of a prior conviction the state intended to offer to prove an element of the crime pursuant to ORS 484.365:

> "(1) Any Class A traffic infraction, as defined in subsection (3) of this section, shall be prosecuted and be punishable as a Class A misdemeanor if the defendant has been convicted of a Class A traffic infraction, as defined in subsection (3) of this section, or a traffic crime within a five-year period immediately preceding the commission of the offense, and the previous conviction was not part of the same transaction as the present offense."

The abstract of the prior conviction indicated that defendant pleaded guilty to the charge of driving under the influence of intoxicants on May 3, 1977. The court admitted the evidence of defendant's prior conviction over his objection that his constitutional right to counsel under the Sixth Amendment to the United States Constitution would be violated by use of a prior conviction obtained at a time he was not represented by counsel.

The exhibit the state offered was a uniform traffic complaint and the abstract of record (ORS 484.150). On the abstract appeared the handwritten entries that defendant's arraignment was continued from April 7, 1977, to May 3, 1977, because defendant was hospitalized, and that on May 3, 1977, defendant was arraigned and entered a plea of guilty. The abstract does not show whether defendant was represented by counsel or whether he was advised of his right to counsel and waived that right.

Defendant offered no evidence during the pretrial hearing as to whether he was represented by counsel or waived that right after proper advice. The procedural history of his prior conviction is factually indistinguishable from that in *State v. Annino,* 46 Or

App 743, 613 P2d 84, *rev den* 289 Or 588 (1980). There we held defendant had not met his burden of proof in establishing that his constitutional rights had been violated.

Defendant makes an additional argument not raised in *State v. Annino, supra.* Defendant entered his plea of guilty on May 3, 1977, prior to the Supreme Court's decision in *Brown v. Multnomah County Dist. Ct.,* 280 Or 95, 570 P2d 52 (October 12, 1977). At that time the traffic code provided that a person accused of a traffic infraction was not entitled to an attorney at public expense (ORS 484.390(1)) or a jury trial (ORS 484.375(1)) and the burden of proof was by a preponderance of the evidence (ORS 484.375(2)). These provisions were declared unconstitutional in *Brown v. Multnomah County Dist. Ct. supra.* Defendant argues that because of the decision in *Brown,* his plea of guilty was obtained under an unconstitutional statutory scheme respecting critical constitutional rights and thus he may challenge admission of his prior conviction without meeting the burden set out in *State v. Annino, supra.*

The difficulty with defendant's argument is two-fold. The statutory scheme did not prohibit a person accused of a traffic infraction from being represented by an attorney of his own choice at his expense. Consequently, he would have been entitled to be represented by retained counsel. His allegation that the prior conviction was uncounseled did not specify that he was denied appointed counsel. There is no allegation or proof that he was indigent at the time he entered his plea of guilty to the prior charge.

Assuming that the principles of *Brown* can be asserted in this proceeding by defendant relating to his prior conviction, he has failed to meet the burden set out in *State v. Annino, supra,* that his constitutional rights were violated. That a person might have been entitled to court appointed counsel, a jury trial and proof beyond a reasonable doubt does not establish that this defendant was deprived of those rights, for he

may not factually have been entitled to court appointed counsel and may in fact not have desired any trial, whether to the court or jury. Consequently, the fact that the statutes may have been unconstitutional in that they deprived a person of certain rights constitutionally guaranteed does not mean a particular individual was in fact denied the rights either because he did not qualify for assertion of the right or did not desire to assert it. In any event, the right to trial by jury and the attendant burden of proof beyond a reasonable doubt were not involved in defendant's objection to the evidence. He has failed to meet his burden of proof that his constitutional right to court appointed or retained counsel was violated, i.e., that he was indigent or was deprived of a right to be represented by retained counsel. The court did not err in admitting the evidence of defendant's prior conviction.

Affirmed.