Argued and submitted March 16, reversed and
remanded for resentencing June 15, 1981

# STATE OF OREGON,
*Respondent,*

*v.*

# GARY ALEX MATTILA,
*Appellant.*

(Nos. L 30854, 30855, CA 19537)

629 P845

Merrill Schneider, Portland, argued the cause and filed the brief for appellant.

James E. Mountain, Jr., Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Dave Frohnmayer, Attorney General, John R. McCulloch, Jr., Solicitor General, and William F. Gary, Deputy Solicitor General, Salem.

Before Gillette, Presiding Judge, and Roberts and Young, Judges.

GILLETTE, P. J.

## GILLETTE, P. J.

In this criminal case defendant was convicted of Driving Under the Influence of Intoxicants, ORS 487.540, and Hit and Run (Unattended Vehicle). ORS 483.604. Both are Class A traffic infractions. Defendant had previously been convicted of Driving Under the Influence in December, 1977. After a jury had found defendant guilty of the principal charges, the trial court found the prior conviction to be constitutionally valid. It was then used to enhance the principal charges to Class A misdemeanors. ORS 484.365(1). Defendant appeals. We reverse and remand for resentencing.

In his first assignment of error, defendant claims that his prior conviction is invalid to enhance the present charges. The defendant testified at a hearing on this issue that he was not represented by counsel at the proceeding which resulted in his prior conviction. There was no tape or other recording of that proceeding, and the abstract of record has a blank space where the name of defendant's attorney would normally have been entered. Therefore, there is no evidence whether or not the defendant was informed of his right to counsel and validly waived that right. On these facts, the defendant claims that the state has failed to show that the prior conviction was constitutionally obtained and, thus, the prior conviction cannot be used to enhance the present convictions.

■ The record in this case is virtually identical to that in *State v. Grenvik,* 48 Or App 939, 618 P2d 460 (1980), where this court held that a defendant in a case such as this had the burden of showing that his prior conviction was obtained in violation of his constitutional right to counsel, and that a defendant could not meet this burden simply by showing a record which was silent as to whether he was accorded that right or waived it. The trial judge in this case specifically relied upon our *Grenvik* opinion in making her ruling.

However, the Oregon Supreme Court overruled our opinion in *State v. Grenvik,* 291 Or 99, 628 P2d 1195 (1981). The Court said:

> "There is no evidence of waiver of counsel. A valid waiver will not be presumed from a silent record. *Burgett v. Texas,* [398 US 109, 114-115, 86 S Ct 258, 19 L Ed 2d 319

(1967)]. It appears from this record that defendant was entitled to assistance of counsel, did not have it and did not waive it. Therefore, the abstract of record was not sufficient to prove a valid prior conviction." (291 Or at 102.)

Following *Grenvik,* this case must be reversed and remanded to the trial court for resentencing on the unenhanced charges.[1]

■ Defendant's second assignment of error is that the court erred in admitting evidence of certification of a breath testing machine made *after* that machine had been used to test the breath of the defendant. The challenged certification was made on February 14, 1980. The machine was used to test defendant's breath on February 5, 1980. The machine had previously been certified on December 20, 1979, less than 60 days before either the test date or the new certification date. Defendant argues that this evidence was not relevant and was prejudical to him in that it gave added weight to the breath test by creating the impression that the machine was functioning correctly during the entire period from December 20, 1979, through February 14, 1980.

■■ ORS 487.815(3)(c) requires that breath testing equipment be tested and certified at least every sixty days. In *State v. Fogle,* 254 Or 268, 452 P2d 873 (1969), the court held that evidence of a breath test was inadmissible in the absence of a showing that the 60-day testing requirement had been fulfilled. Applying *Fogle,* we stated in *State v. Kaser,* 15 Or App 411, 415 n 3, 515 P2d 1330 (1973), that, once the state demonstrates compliance with the statutory requirement, it is under no obligation to show the condition of the equipment after its use; the presumption of validity extends for the 60-day period. The defendant, however, is free to challenge the condition of the equipment, and the jury, of course, is not bound by the presumption or inference of accuracy.

Nothing that we said in *Kaser* suggested, however, that the state *could not* offer proof that the machine continued to function correctly at a later date. We merely held

---

[1] We do not remand for a new trial because here, apparently unlike *Grenvik,* defendant's prior conviction was not made known to the jury and, therefore, could not have prejudiced their deliberations on the principal charges.

that such proof was not *required.* Where such evidence is offered, we think it is admissible. It tends to remove legitimate doubts concerning the continued efficacy of the test machine. So viewed, it is both relevant and probative. It is also, as defendant argues, damaging to his case; it is no more so, however, than most other proper evidence which tends to show guilt. The trial court properly admitted the February 14 certification.

Reversed and remanded for resentencing.