Argued and submitted January 7, affirmed June 15, 1983

# STATE OF OREGON,
*Respondent,*

*v.*

# DARREN JOSEPH WRIGHT,
*Appellant.*

## (82-169 M; CA A25745)

664 P2d 1131

James J. Spindor, Klamath Falls, argued the cause and filed the brief for appellant.

Richard D. Wasserman, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Dave Frohnmayer, Attorney General, and William F. Gary, Solicitor General, Salem.

Before Buttler, Presiding Judge, and Warren and Rossman, Judges.

WARREN, J.

Buttler, P. J., dissenting.

**WARREN, J.**

Defendant appeals his conviction for driving under the influence of intoxicants after the trial court denied his petition for diversion under ORS 484.445 to 484.480. He contends that the trial court erroneously denied his petition for diversion as a matter of law, rather than exercising its discretion. We affirm.

Defendant pled not guilty and filed his petition for diversion, attached to which was a Department of Motor Vehicles' printout of his driving record indicating that he had been convicted of DUII on October 10, 1981. He then filed a motion to suppress the use of the prior conviction in the diversion proceeding on the grounds that he had pled guilty to the former charge without being represented by counsel and that he had not waived his right to counsel.

At the suppression hearing, defendant introduced a copy of the court record relating to the prior conviction; it showed that defendant was not represented by counsel when he pled guilty and that there was no indication that he waived his right to counsel. No further evidence was adduced by either party. The trial court denied defendant's petition for diversion "solely on the grounds and for the reason that defendant has been convicted of driving under the influence of intoxicants on October 20, 1981 * * *."

Although the granting of the petition for diversion is discretionary with the trial court, there is no discretion to grant diversion if the defendant has been convicted of the offense of DUII within ten years before the date of the present offense. Defendant argues that, because the prior conviction was obtained without counsel, it does not operate as a matter of law to preclude diversion. He bases his argument on *State v. Grenvik,* 291 Or 99, 628 P2d 1195 (1981). In *Grenvik,* the court held that the constitutional validity of a prior conviction used to enhance a subsequent offense may be challenged in the subsequent proceeding.

In *Grenvik,* the defendant was arrested for DUII, which at that time was a Class A traffic infraction, ORS 487.540(2) (*amended by* Or Laws 1981, ch 803, § 15), punishable by a maximum fine of $1000. ORS 484.360 (*amended by* Or

Laws 1981, ch 803, § 9, and ch 818, § 32). Due to a prior conviction, the defendant was prosecuted under former ORS 484.365 (*repealed by* Or Laws 1981, ch 803, § 26), which provided that DUII "shall be prosecuted and punishable as a Class A misdemeanor" if the defendant had a prior conviction. At that time, Class A misdemeanors were punishable by a maximum fine of $1000, ORS 161.635(1)(a) (*amended by* Or Laws 1981, ch 390, § 2), *and* a maximum prison term of one year. ORS 161.615(1). The only reason that the defendant's DUII charge was prosecuted as a Class A misdemeanor and the only reason that he was subject to punishment by a prison term was because he had a prior conviction.

In *Grenvik,* the court relied on *Baldasar v. Illinois,* 446 US 222, 100 S Ct 1585, 64 L Ed 2d 169 (1980), for the proposition that "the constitutional validity of a prior conviction used to enhance a subsequent offense may be challenged in the subsequent prosecution." 291 Or at 101. In *Baldasar,* the defendant was charged with misdemeanor theft, punishable by a maximum prison term of one year, but because of a prior conviction he was prosecuted and convicted of a felony and sentenced to one to three years in prison under the Illinois enhancement statute. The court held that the prior conviction could not be used to subject the defendant to an increased term of imprisonment for the subsequent conviction, because he was not represented by counsel and did not waive his right to counsel during the proceedings on his prior conviction. Four of the five-member majority emphasized that the only reason the defendant was subject to a felony conviction and an increased sentence was because of his prior conviction.

*Grenvik* is not controlling here, because defendant's prior conviction was not used to enhance the penalty to which he could be subject for his present conviction. DUII, with or without a prior conviction, is now a Class A misdemeanor. ORS 487.540(2). Thus, defendant could have been punished by a one-year prison term, ORS 161.615(1) and a fine of $2500, ORS 161.635(1)(a), regardless of whether he had a prior conviction. Further, diversion is not available to DUII defendants as a matter of right; the trial court has discretion to deny a petition for diversion, even if the defendant has no prior conviction. ORS 484.450. The fact that defendant's prior conviction precluded the trial court from exercising its discretion as to whether to grant his petition did not subject him to an

enhanced penalty under *Grenvik*. Therefore, defendant was not entitled to challenge the validity of his prior conviction in the present prosecution.

The dissent asserts that the use of defendant's prior DUII conviction to deny diversion here constitutes the same amount of enhancement as in *State v. Mattila,* 52 Or App 743, 629 P2d 845 (1981). In *Mattila,* as in *Grenvik,* the defendant was arrested for DUII, which at the time was a Class A traffic infraction punishable by a fine only. Because he had a prior DUII conviction, the subsequent DUII was prosecuted as a Class A misdemeanor punishable by a fine and a prison sentence. We followed *Grenvik* and held that, because the record did not reveal that the defendant waived his right to counsel at the hearing on the prior DUII charge, it could not be used to enhance his subsequent DUII charge. Because *Mattila* is essentially identical to *Grenvik,* it is distinguishable from the case at bar for the reasons stated above.

Affirmed.

**BUTTLER, P. J.,** dissenting.

Because defendant was entitled to have the trial court exercise its discretion and not be precluded from doing so as a matter of law, I would reverse and remand to permit the trial court to consider defendant's petition for diversion.

In *State v. Grenvik,* 291 Or 99, 628 P2d 1195 (1981), the court held that the constitutional validity of a prior conviction used to enhance a subsequent offense may be challenged in the subsequent prosecution. The state contends here that *Grenvik* is not controlling, because the prior conviction was not used to enhance this offense. That contention ignores the fact that, if defendant's petition for diversion had been granted and if he had successfully completed the diversion program, he would have been entitled to have the present DUII charge dismissed. ORS 484.470. Having been denied diversion, defendant was subjected to a jail term, to which he was sentenced after he was found guilty. To me, that sounds like enhancement within the meaning of *Grenvik,* and it certainly constitutes as much enhancement as existed in *State v. Mattila,* 52 Or App 743, 629 P2d 845 (1981), where the inmate's parole release date could be affected by prior convictions, the validity of which he challenged.

The only evidence here is that defendant was entitled to the assistance of counsel in connection with the prior DUII charge, did not have it and did not waive it. As the court said in *Grenvik:*

"There is no evidence of waiver of counsel. A valid waiver will not be presumed from a silent record. * * *" 291 Or at 102.

Although the granting of a petition for diversion is discretionary with the trial court, there is no discretion to grant diversion if the defendant has been convicted of the offense of driving of DUII within ten years before the date of the present offense. Because the trial court relied solely on the prior conviction to deny the petition as a matter of law, I would reverse and remand to the trial court for reconsideration of defendant's petition, using the discretionary standards set out in ORS 484.455.

Accordingly, I respectfully dissent.