Argued and submitted November 25, 1985, reversed and remanded with instructions January 8, 1986

# STATE OF OREGON,
*Respondent,*

*v.*

# LAURIE ROSE EWEN,
*Appellant.*

(M451579; CA A35969)

712 P2d 183

William Uhle, Portland, argued the cause and filed the brief for appellant.

Terry Ann Leggert, Assistant Attorney General, Salem, argued the cause for respondent. With her on the brief were Dave Frohnmayer, Attorney General, and James E. Mountain, Jr., Solicitor General, Salem.

Before Gillette, Presiding Judge, and Van Hoomissen and Young, Judges.

PER CURIAM

## PER CURIAM

Defendant was convicted of driving under the influence of intoxicants. ORS 487.540. She appeals, arguing, *inter alia*, that the trial court erred in refusing to consider her for diversion under ORS 484.445 to ORS 484.480 on the ground that the request was made after trial and—in the trial court's view—diversion could not be granted after trial. The state concedes—and we agree—that neither the statutory language of ORS 484.445(4)(a)[1] nor its legislative history justifies such a restrictive interpretation of the statute.

Reversed and remanded with instructions to consider defendant for diversion.[2]

---

[1] ORS 484.445(4) provides, in relevant part:

"(4)  In addition to any other information required by the Supreme Court to be contained in a petition for a driving while under the influence of intoxicants diversion agreement, the petition shall include:

"(a)  A waiver by the defendant of the right to speedy trial or sentencing in any subsequent action upon the charge * * *."

[2] Defendant makes other arguments related to her trial, but her counsel agreed at oral argument that these assignments are moot if defendant is accepted for diversion and successfully completes the program. If defendant is refused diversion, or fails satisfactorily to complete it, she will be resentenced and may then again raise her other theories for reversal.