Argued and submitted September 5, 1986, reversed and remanded with instructions January 28, respondent's motion to supplement the record and motion for reconsideration allowed May 6, 1987
See 85 Or App 234 (1987)

## STATE OF OREGON,
*Respondent,*

*v.*

## BONNIE E. M. NICKEL,
*Appellant.*

(M437605; CA A40019)

732 P2d 88

Robert L. McKee, Portland, argued the cause and filed the brief for appellant.

Thomas H. Denney, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Dave Frohnmayer, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

Before Richardson, Presiding Judge, and Newman and Deits, Judges.

PER CURIAM

## PER CURIAM

Defendant was convicted of driving under the influence of intoxicants, *former* ORS 487.540, after trial by jury. After the verdict, she petitioned for diversion under *former* ORS 484.445. She argues that the trial court impermissibly refused to consider her petition on the ground that the request was made after trial and that diversion could not be granted after a conviction.

It is not entirely clear from the trial record whether the court denied defendant's diversion request because it was made subsequent to trial, as defendant argues, or on its merits. In *State v. Ewen,* 77 Or App 274, 712 P2d 183 (1986), we held that neither the plain meaning of ORS 484.445(4)(a) nor its legislative history justifies preclusion of a diversion petition solely because it is filed after trial. Because we cannot determine if the court denied the petition on its merits, we reverse and remand with instructions to consider the petition for diversion on its merits.

Reversed and remanded with instructions to consider the petition for diversion.