## STATE OF OREGON,
*Respondent,*

*v.*

## BRADLEY STEVEN THOMAS,
*Appellant.*

(TM 86-0896; CA A42432)

737 P2d 143

Mark D. Donahue, Corvallis, argued the cause and filed the brief for appellant.

Keith Kekauoha, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Dave Frohnmayer, Attorney General, Virginia L. Linder, Solicitor General, and Douglas F. Zier, Assistant Attorney General, Salem.

Before Warden, Presiding Judge, and Joseph, Chief Judge, and Van Hoomissen, Judge.

VAN HOOMISSEN, J.

## VAN HOOMISSEN, J.

Defendant appeals from the trial court's denial of his post-trial petition for DUII diversion. *See* ORS 813.200 *et seq.* He contends that the trial court erred in denying his petition. We affirm.

Defendant was arrested for DUII on February 20, 1986, and was arraigned on March 11. He pled not guilty. On March 18, he moved for a jury trial within 30 days or, in the alternative, that the court find good cause for delay in filing a diversion petition if his trial was scheduled later. Trial was scheduled for April 9. Defendant did not move for a continuance, but on April 1, he moved to suppress the Intoxilyzer test results. That motion was heard on April 14. Trial was held on September 22, and he was found guilty.

After a hearing on October 6, the trial court denied diversion. The court stated, in relevant part:

"The Court exercises its discretion under ORS 813.220(2) and denies defendant's DUII diversion petition filed on October 6, 1986. Since defendant was arrested on February 21, 1986 [sic] and advised of the possible availability of a DUII diversion at his March 11, 1986 arraignment, there has been no indication that he recognized that a course of diagnosis and/or treatment regarding problem drinking or alcoholism would be beneficial.

"On March 19, [sic] 1986, defendant filed a request that his case be set for a jury trial within 30 days from March 11, 1986. At the same time he also filed a written request for a finding that if his case was not tried in 30 days the resulting delay in filing a petition for a DUII diversion should be deemed a delay for good cause. The fact that defendant delayed his filing of a DUII diversion petition is irrelevant to my ruling under ORS 813.220(2).

"Defendant filed a petition for DUII diversion on October 6, 1986 and, on that date, a hearing was held on the question of whether his petition should be allowed. Defendant made no showing that before October 6, 1986, he gave any consideration to the possibility that he should seek an evaluation of his use of alcohol or that there was any possibility that such an evaluation might show he needed and would benefit from an education or treatment program. Defendant apparently stopped drinking after he was arrested and cessation of drinking does indicate an awareness by defendant that alcohol

could be a problem in his life; however, the defendant's unsupported testimony does not allow the controls of diagnosis, education and/or treatment designed to prevent further criminal conduct with respect to alcohol which is envisioned by ORS 813.200 through 813.260."

Defendant argues that he sought a speedy trial and that, through no fault of his, the trial was delayed for more than six months after his arraignment; but for that delay, the trial court would not have inquired into his "early recognition" of the need for evaluation and treatment. Therefore, he argues, he is being penalized for the delay, which was not his fault. We do not find defendant's argument persuasive.

Defendant concedes that he did not inquire about alcohol evaluation or treatment between February 20 and October 6. He testified that he "considerably stopped" drinking after his arrest on February 20 and that he was "doing a lot of other things constructive instead of hanging around anywhere where there was alcohol" because alcohol "ruined [his] whole life and career." He explained that he had not sought alcohol evaluation or treatment, because "I haven't known where to go to, or who to contact or anything."

■■  The state does not dispute that defendant met the preliminary requirements of ORS 813.210(4). Defendant argues that, if he meets the preliminary requirements of ORS 813.210(4), he is automatically entitled to diversion. We disagree. The decision to grant or deny diversion is within the discretion of the trial court. *See State v. Dendurent,* 64 Or App 575, 578, 699 P2d 361, *rev den* 296 Or 56 (1983); *State v. Wright,* 63 Or App 482, 484, 664 P2d 1131 (1983).[1] ORS 813.220 provides:

"In making a determination of whether to allow or deny a petition for a driving while under the influence of intoxicants diversion agreement under ORS 813.210, a court:

"(1)  Shall consider whether the diversion will be of benefit to the defendant and the community.

"(2)  May take into consideration whether there was an *early recognition* by the defendant during the proceeding *that*

---

[1] *Wright* and *Dendurent* were decided under *former* ORS 484.445 *et seq.* A trial court's discretion to grant or deny diversion under ORS 813.220, the current counterpart of the former statutes is unchanged.

*a course of diagnosis and treatment of problem drinking, alcoholism or drug dependency* would be beneficial.

"(3)  May take into consideration whether there is a probability that the defendant will cooperate with the diagnostic assessment and treatment agencies.

"(4)  May take into consideration whether the defendant will observe the restrictions contained in the diversion agreement." (Emphasis supplied.)

The trial court's decision to deny diversion on the basis of the "early recognition" language of ORS 813.220(2) and the evidence in the case was not an abuse of discretion.[2]

Defendant argues that the trial court arbitrarily applied the "early recognition" factor in this case, because the court inquired into his diversion petition only because he exercised his right to a trial. In denying defendant's petition, the trial court stated in relevant part:

"The fact that defendant delayed his filing of a DUII diversion petition is irrelevant to my ruling under ORS 813.220(2). [*See State v. Ewen,* 77 Or App 274, 275, 712 P2d 183 (1986); ORS 813.210(1).]

"* * * * *

"The Court of Appeals in *State v. Ewen,* [*supra,*] made it clear that a DUII diversion petition cannot be denied simply because the petitioner has been convicted of a DUII he seeks to divert. The fact that defendant has been convicted cannot be considered by a court in exercising discretion under ORS 813.220 and I have not done so."

Clearly, the court relied on ORS 813.220. The court did not penalize defendant for exercising his right to a trial or for any resulting delay.

Defendant also challenges the constitutionality of ORS 813.220(2) as applied to indigent petitioners for diversion. He assumes that a defendant must *begin* diagnosis and treatment before a diversion petition is filed. We disagree. The statute merely suggests that a defendant may make an

_____

[2] The trial court stated:

"It does appear, however, that defendant waited for the outcome of the trial before worrying about alcohol use evaluation and the benefit of any education or treatment."

early recognition that diagnosis and treatment might be beneficial. It does not require a defendant to begin diagnosis or treatment. Defendant's testimony established that he has an alcohol problem and yet failed to inquire into the availability of any programs for those with alcohol problems. The trial court could and did, in the exercise of its discretion, deny his diversion petition. We find no error.

Affirmed.