Argued and submitted January 26, affirmed November 7, 2012, petition for
review denied March 28, 2013 (353 Or 428)

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

BOYD ROBERT CARROLL,
*Defendant-Appellant.*

Benton County Circuit Court
TM0921653; A146784

290 P3d 864

Chris W. Dunfield argued the cause and filed the brief for
appellant.

Andrew M. Lavin, Assistant Attorney General, argued
the cause for respondent. With him on the brief were John
R. Kroger, Attorney General, and Mary H. Williams, Solicitor
General.

Before Schuman, Presiding Judge, and Wollheim, Judge,
and Nakamoto, Judge.

WOLLHEIM, J.

## WOLLHEIM, J.

The issue here is whether the legislature's 2009 amendment of ORS 813.215, which increased the "look-back" period from 10 to 15 years for eligibility for diversion on a charge of misdemeanor driving under the influence of intoxicants (DUII), ORS 813.010, results in an *ex post facto* violation when applied retroactively to defendant. Defendant was convicted of DUII based on conduct that occurred in December 2009. At that time a person could be eligible for diversion if the person had not had any DUII diversions or convictions within the 10 preceding years. ORS 813.215 (2007). As a result of an amendment that became effective January 1, 2010, after defendant's arrest and citation, ORS 813.215(1)(b) now limits eligibility for diversion to persons who have not had any DUII diversions or convictions within 15 years of the filing of the petition for diversion.[1] The amended version of the statute applies to diversion agreements entered after its effective date. Defendant has two prior DUII convictions 12 years before his December 2009 arrest for the instant DUII.

Defendant nonetheless filed a February 2010 petition for diversion. The trial court denied the petition because of defendant's two previous DUII convictions within the prior 15 years. The trial court rejected defendant's state and federal *ex post facto* challenges to the application of the statute as amended. After a stipulated facts trial, defendant was convicted of misdemeanor DUII and was sentenced to 36 months of probation, with 90 days in jail as a condition of probation. Defendant appeals, contending that the trial court erred in rejecting his *ex post facto* challenges. We conclude that the trial court did not err and affirm.

---

[1] As amended, ORS 813.215 currently provides:

"(1) A defendant is eligible for diversion if the defendant meets all of the following conditions:

"* * * * *

"(b) The defendant has not been convicted of an offense [of driving while under the influence of intoxicants] within the period beginning 15 years before the date of the commission of the present offense and ending on the date the defendant filed the petition for a driving while under the influence of intoxicants diversion agreement."

We address first defendant's *ex post facto* arguments under the state constitution. Article I, section 21, of the Oregon Constitution provides that "[n]o *ex-post facto* law * * * shall ever be passed[.]" The Supreme Court explained in *State v. MacNab*, 334 Or 469, 475, 51 P3d 1249 (2002), that

> "the framers of the Oregon Constitution intended for Article I, section 21, to proscribe four categories of penal laws: those that punish acts that were legal before enactment; those that aggravate a crime to a level greater than it was before enactment; those that impose greater or additional punishment than that annexed to the crime before enactment; and those that deprive a defendant of a defense that was available before enactment."

We reject without extended discussion defendant's contention that, by eliminating his eligibility for diversion, the amendment of ORS 813.215(1)(b) deprived him of a "defense" to the offense of DUII. Diversion is not a defense. Defendant's remaining contention is that his ineligibility for diversion under the current version of ORS 813.215(1)(b) falls into the category of "greater or additional punishment." In *MacNab*, the court said that the focus of Article I, section 21, is to prohibit "'punishment' not annexed to the crime at the time of commission." 334 Or at 476. "Punishment," as understood by the constitutional framers, encompasses "detriment, restraint or deprivation intended primarily to deter the offender and others from committing future criminal acts." *Id.* at 47. The issue, thus, is whether the amended law imposes a form of punishment—either a detriment, restraint, or deprivation primarily intended as a deterrent—that was not annexed to the crime at the time defendant committed the offense.

In defendant's view, by eliminating his potential eligibility for diversion as well as the opportunity to avoid prosecution and conviction altogether, the amended version of ORS 813.215(1)(b) enhances defendant's potential punishment for DUII. The state responds that the changing of the eligibility requirements for diversion is not an increase in "punishment" for a DUII conviction within the meaning of Article I, section 21. Further, the state contends, the primary purpose and effect of ORS 813.215(1)(b) are remedial and not punitive. For those reasons, the state asserts, applying

the statute retroactively to defendant has no *ex post facto* consequence.

We discussed the *ex post facto* provision of Oregon's constitution in *State v. Vazquez-Escobar*, 211 Or App 115, 122, 153 P3d 168, *rev den*, 343 Or 224 (2007), a case that also involved the offense of DUII. In that case, a change in the law after the defendant committed the offense required the permanent revocation of a person's driving privileges after the third DUII conviction. Before that, on the third conviction a person was subject to, at most, a three-year suspension. ORS 813.400(1) (2001). The defendant contended that the retroactive application of the permanent revocation to him was an increase in punishment that violated state and federal *ex post facto* provisions. In rejecting the defendant's contention, we emphasized and reaffirmed our prior case law, *Mannelin v. DMV*, 176 Or App 9, 31 P3d 438 (2001), *aff'd by an equally divided court*, 336 Or 147, 82 P3d 162 (2003), holding that the primary purpose of the Oregon Vehicle Code, of which ORS 813.215 is a part, is "unquestionably" remedial and regulatory in nature. *Vasquez-Escobar*, 211 Or App at 122. Further, after examining the legislative history, we concluded in *Vasquez-Escobar* that, despite some incidental deterrent effects, the purpose of the relevant provision and its requirement of lifetime revocation was primarily remedial. *Id*. at 123-24. Finally, we concluded that, to the extent that the Oregon Constitution requires consideration of the alleged punitive effects of the challenged statute, the permanent revocation of a license "does not impose such a 'significant detriment, restraint, or deprivation on defendant' as to constitute a 'form of increased "punishment."'" *Id*. at 124-25 (quoting *MacNab*, 334 Or at 481). We held that the change in the statute that resulted in the permanent revocation of a person's driving privileges pursuant to ORS 809.235(1)(b) (2003) did not violate Article I, section 21. *Id*.

*Vazquez-Escobar* is of significance here for its reemphasis that the purpose of the Oregon Vehicle Code is primarily remedial, not punitive. We had previously reached that same conclusion with respect to the diversion statutes. *State ex rel Schrunk v. Bearden*, 66 Or App 209, 212, 673 P2d 585 (1983) (purpose of the diversion statutes, generally,

is to remove certain offenders from the criminal justice system when that is likely to benefit the offender and the community). Focusing specifically on the 2010 amendment to ORS 813.215, the legislative history shows that, despite incidental deterrent effects, the primary purpose of the amendment to increase the "look-back" period for diversion from 10 to 15 years was a concern for public safety, rather than punishment and deterrence. Tape Recording, House Committee on Judiciary, HB 2331, Feb 5, 2009 (statements of Rep Stiegler and Rep Smith). We have no difficulty concluding that the primary purpose of the amendment to ORS 813.215 was not punitive.

The remaining question under the Oregon Constitution is whether the practical effect of the amended statute is nonetheless punitive. *See Vazquez-Escobar*, 211 Or App at 124. Does the increase in the "look-back" period for diversion from 10 to 15 years impose any significant detriment, restraint, or deprivation on defendant so as to constitute punishment for purposes of Article I, section 21? Defendant contends that, because he is no longer eligible for diversion, necessarily, he is subject to a harsher sentence for DUII than could have been imposed based on the law in effect at the time he committed the offense.

We set aside for a moment the question of whether a provision that has the effect of eliminating a person's eligibility for diversion is a "detriment, restraint, or deprivation." As the court stated in *MacNab*, *ex post facto* protections are implicated only when the change in the law inflicts punishment "not annexed to the crime" at the time of commission. 334 Or at 476. The punishment annexed to the crime of DUII is punishment imposed for the offense of DUII itself. Diversion is a procedural path by which a person can seek to avoid prosecution and punishment for DUII. *State v. Maynard*, 85 Or App 631, 634, 728 P2d 210 (1987) (diversion is means of deferring and, if completed, ultimately avoiding criminal prosecution). A person's eligibility for diversion is not punishment for the offense; it provides an alternative to prosecution, conviction, and punishment. We conclude that changes in the criteria for eligibility for diversion do not increase punishment for the offense of DUII for purposes of Article I, section 21, of the Oregon Constitution.

Further, as we held in *Vazquez-Escobar* with respect to permanent revocation of a person's driving privileges, we conclude that the extension of the "look-back" period for eligibility for DUII diversion does not impose such a significant detriment, restraint, or deprivation on defendant so as to constitute a form of increased punishment. 211 Or App at 124-25.

Defendant does not make a separate argument under Article I, section 10, of the United States Constitution,[2] and we would reach the same conclusion under the federal two-part "intent-effects" test. *See MacNab*, 334 Or at 481-82.

Affirmed.

---

[2] Article I, section 10, of the United States Constitution provides, "No state shall *** pass any *** *ex post facto* Law[.]"