386 January 7, 2026 No. 2

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

SPENCER AUGUST LINDHOLM,
*Defendant-Appellant.*

Marion County Circuit Court
22CR40379; A182867

Lindsay R. Partridge, Judge.

Submitted November 13, 2025.

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and James Brewer, Deputy Public Defender, Oregon Public Defense Commission, filed the brief for appellant.

Dan Rayfield, Attorney General, Benjamin Gutman, Solicitor General, and Robert A. Koch, Assistant Attorney General, filed the brief for respondent.

Before Aoyagi, Presiding Judge, Egan, Judge, and Pagán, Judge.

EGAN, J.

Affirmed.

**EGAN, J.**

Defendant appeals from his conviction in the Marion County Circuit Court after a conditional guilty plea for driving under the influence of intoxicants (DUII); ORS 813.010. In pleading guilty, defendant reserved his right to challenge the trial court's denial of his request for DUII diversion under ORS 813.230. It is undisputed that defendant was ineligible for diversion at the time of his hearing because he had a separate DUII charge pending in Benton County. ORS 813.215(1)(a) (stating that a person is eligible for diversion if, on the date of filing of the diversion petition, that person "had no charge, other than the charge for the present offense, pending for [an] offense of driving while under the influence of intoxicants"). On appeal, defendant contends that application of ORS 813.215(1)(a) violates the Due Process Clause of the Fourteenth Amendment, because the statutory provision is inconsistent with the presumption of innocence. We conclude that ORS 813.215(1)(a) does not violate the Due Process Clause, and we therefore affirm defendant's conviction.

Oregon's diversion program allows eligible defendants charged with DUII to petition the trial court for diversion. Those accepted into the program receive intensive treatment and supervision in lieu of prosecution. ORS 813.200 to 813.270. A person charged with DUII requests diversion by filing a petition with the court, ORS 813.210(1), and eligibility is determined under ORS 813.215. As pertinent here, a person is eligible for diversion if the person has no pending DUII charges or DUII convictions in the previous 15 years. ORS 813.215(1)(a), (b).[1] A person seeking diversion must plead guilty or no contest to the underlying

---

[1] ORS 813.230(1) provides:

"(1) A defendant is eligible for diversion if the defendant meets all of the following conditions:

"(a) On the date the defendant filed the petition for a driving while under the influence of intoxicants diversion agreement, the defendant had no charge, other than the charge for the present offense, pending for:

"(A) An offense of driving while under the influence of intoxicants in violation of:

"(i) ORS 813.010; or

"(ii) The statutory counterpart to ORS 813.010 in another jurisdiction;

DUII charge, agree to complete a treatment program for substance abuse, and agree not to use intoxicants for the entire diversion period. ORS 813.200(4).

If a person meets the eligibility requirements for diversion, the trial court nonetheless still exercises discretion whether to accept or reject the diversion petition,

"(B) A driving under the influence of intoxicants offense in another jurisdiction that involved the impaired driving of a vehicle due to the use of an intoxicant or a combination of intoxicants; or

"(C) A driving offense in another jurisdiction that involved operating a vehicle while having a blood alcohol content above that jurisdiction's permissible blood alcohol content.

"(b) The defendant has not been convicted of an offense described in paragraph (a) of this subsection within the period beginning 15 years before the date of the commission of the present offense and ending on the date the defendant filed the petition for a driving while under the influence of intoxicants diversion agreement.

"(c) The defendant has not been convicted of a felony offense described in ORS 813.010 (5)(a).

"(d) The defendant was not participating in a driving while under the influence of intoxicants diversion program or in any similar alcohol or drug rehabilitation program in this state or in another jurisdiction on the date the defendant filed the petition for a driving while under the influence of intoxicants diversion agreement.

"(e) The defendant did not participate in a diversion or rehabilitation program described in paragraph (d) of this subsection within the period beginning 15 years before the date of the commission of the present offense and ending on the date the defendant filed the petition for a driving while under the influence of intoxicants diversion agreement.

"(f) The defendant had no charge of an offense of aggravated vehicular homicide or of murder, manslaughter, criminally negligent homicide or assault that resulted from the operation of a motor vehicle pending in this state or in another jurisdiction on the date the defendant filed the petition for a driving while under the influence of intoxicants diversion agreement.

"(g) The defendant has not been convicted of an offense described in paragraph (f) of this subsection within the period beginning 15 years before the date of the commission of the present offense and ending on the date the defendant filed the petition for a driving while under the influence of intoxicants diversion agreement.

"(h) The defendant did not hold commercial driving privileges on the date of the commission of the offense.

"(i) The defendant was not operating a commercial motor vehicle at the time of the offense.

"(j) The present driving while under the influence of intoxicants offense did not involve an accident resulting in:

"(A) Death of any person; or

"(B) Physical injury as defined in ORS 161.015 to any person other than the defendant."

considering the factors set forth in ORS 813.220. If the court allows diversion, the petition becomes a signed agreement; if the court denies diversion, proceedings on the DUII offense resume. ORS 813.230(2), (4).[2]

The trial court determined that defendant was ineligible for diversion because he had a DUII charge pending in Benton County.[3] Defendant contends on appeal that the trial court erred, because consideration of the Benton County DUII charge in denying him eligibility for participation in diversion violated his due process right under the Fourteenth Amendment. We review whether a statute violates the Fourteenth Amendment right to due process for errors of law, *Mathews v. Eldridge*, 424 US 319, 333, 96 S Ct 893, 47 L Ed 2d 18 (1976); *Noble v. Board of Parole*, 327 Or 485, 498, 964 P2d 990 (1998), and conclude that the trial court did not err.

A criminal defendant pursuing a federal due process challenge to a state criminal procedure bears a heavy burden. "[A] state rule about criminal liability—laying out either the elements of or the defenses to a crime—violates due process only if it 'offends some principle of justice so rooted in the traditions and conscience of our people as to be ranked as fundamental.'" *Kahler v. Kansas*, 589 US 271, 279, 140 S Ct 1021, 206 L Ed 2d 312 (2020) (quoting *Leland v. Oregon*, 343 US 790, 798, 72 S Ct 1002, 96 L Ed 1302 (1952) (internal quotation marks omitted)). A defendant's proffered principle of justice must be "so old and venerable—so entrenched in the central values of our legal system—as to prevent a State from ever choosing another." *Kahler*, 589 US at 279.

---

[2] If the trial court accepts the plea of guilty or no contest, the court stays the DUII proceeding and withholds entry of judgment for a period of 12 months, during which time the defendant must comply with all diversion treatment and monitoring requirements. ORS 213.230(3). If the defendant successfully completes the 12-month diversion period, then the underlying DUII charge is dismissed with prejudice. ORS 813.250(1), (3). If the defendant violates or otherwise fails to comply with any condition at any time during diversion, then "the court shall terminate the diversion agreement and enter the guilty plea or no contest plea that was filed as part of the petition for the diversion agreement." ORS 813.255(3). Participation in DUII diversion becomes part of a defendant's permanent driving record, and the trial court must so notify the Department of Transportation. ORS 813.230(2).

[3] During the pendency of this appeal, the Benton County charge was dismissed for violation of defendant's speedy trial right.

The party challenging a state law or rule based on a violation of federal due process bears the burden of showing the violation of a deeply rooted principle. Courts are guided by the "twin considerations" of "historical practice and respect for state sovereignty." *Oregon v. Ice*, 555 US 160, 161, 129 S Ct 711, 172 L Ed 2d 517 (2009). The party must show that "the principle of procedure violated by the rule (and allegedly required by due process) is 'so rooted in the traditions and conscience of our people as to be ranked as fundamental.'" *Egelhoff*, 518 US at 43 (quoting *Patterson v. New York*, 432 US 197, 202, 97 S Ct 2319, 53 L Ed 2d 281 (1977)).

Defendant's due process claim does not meet that standard. As an initial matter, even if defendant had satisfied the statutory eligibility requirements, diversion would not have been available to him as a matter of right—the trial court would still have had discretion under ORS 813.230 to deny defendant DUII diversion. *See State v. Wright*, 63 Or App 482, 485, 664 P2d 1131 (1983) (describing trial court's discretion to grant diversion).

As for a "deeply rooted principle," defendant contends that, in failing to allow diversion because another DUII charge was pending in Benton County, the trial court violated the presumption of innocence. The violation arises, defendant contends, from treating a pending charge for which a defendant has not been convicted as identical to a conviction. Defendant contends that this is so because ORS 813.215(1) attaches the same consequence of ineligibility for diversion to a *pending* DUII charge as to a prior DUII conviction.

There was no violation of the presumption of innocence. Contrary to defendant's contention, the existence of a pending charge is not treated as a conviction or the equivalent of a conviction. It is simply one of the multiple circumstances that the Legislative Assembly has determined, as a matter of policy, would cause a person to be ineligible for diversion. Until pleading guilty or convicted after trial, defendant was presumed innocent on the present charge as well as the pending Benton County charge. And, as previously discussed, defendant had no constitutional right to

diversion. The Legislative Assembly's policy decision as to who would be eligible for diversion did not convert the pending charges into convictions or violate the presumption of innocence.

Affirmed.