Argued and submitted March 24,
affirmed June 23, reconsideration denied July 22,
petition for review denied September 3, 1980 (289 Or 588)

## STATE OF OREGON,
*Respondent,*
*v.*
## DAVID PAUL ANNINO,
*Appellant.*

### (No. T 78 5-2002, CA 16107)
613 P2d 84

William K. Uhle, Oregon City, argued the cause
and filed the brief for appellant.

Douglas F. Foley, Certified Law Student, Salem, argued the cause for respondent. With him on the brief were James A. Redden, Attorney General, and Walter L. Barrie, Solicitor General, Salem.

Before Joseph, Presiding Judge, and Warden and Warren, Judges.

JOSEPH, P.J.

**JOSEPH, P.J.**

Defendant appeals from his conviction in a jury trial for the crime of driving while under the influence of intoxicants (ORS 487.540). An omnibus hearing was held before trial to determine the admissibility of a prior conviction which the state intended to offer for the purpose of enhancing the charged offense from a traffic infraction to a misdemeanor under ORS 484.365 which provides:

"(1)  Any class A traffic infraction, as defined in subsection (3) of this section, shall be prosecuted and be punishable as a Class A misdemeanor if the defendant has been convicted of a Class A traffic infraction, as defined in subsection (3) of this section, or traffic crime within a five-year period immediately preceding the commission of the offense, and the previous conviction, was not part of the same transaction as the present offense.

"(2)  In applying subsection (1) of this section, any conviction of a Class A infraction or a traffic crime as described in subsections (3) and (4) of this section, or a conviction before July 1, 1976, of any of the statutory counterparts of these offenses which occurred within the immediate five-year period before the commission of the present offense, shall be included whether the previous conviction occurred before or after July 1, 1976.

"(3)  As used in this section, 'Class A traffic infraction' means:

"(a)  Driving while under the influence of intoxicants.

"   * * * * *."

The court ruled that the evidence was admissible over defendant's objection that his constitutional right to counsel would be violated by the use of an uncounseled prior conviction.

At the trial, the state offered a copy of a traffic citation and complaint issued to defendant on October 23, 1977, for driving under the influence of intoxicants. On the citation are handwritten entries that

defendant's arraignment was scheduled for October 27, 1977, that it was postponed to November 1, 1977, so that defendant might "see" an attorney, and that at his arraignment on November 1, defendant pleaded guilty. The citation does not show whether defendant in fact saw an attorney or whether he had assistance of counsel at the time of arraignment.

Defendant argues that his constitutional rights were violated by the state's use of a prior uncounseled conviction to enhance the penalty of the present offense. He relies on *Argersinger v. Hamlin,* 407 US 25, 92 S Ct 2006, 32 L Ed 2d 530 (1970); *Loper v. Beto,* 495 US 473, 92 S Ct 1014, 31 L Ed 2d 374 (1974); and *Burgett v. Texas,* 398 US 109, 86 S Ct 258, 19 L Ed 2d 319 (1967), for the proposition that the prosecution in a criminal case cannot use uncounseled convictions to support guilt or enhance punishment. He contends that the state must prove the constitutional validity of a prior conviction.[1] The state maintains that the defendant carries the burden of substantiating the allegation that his constitutional rights were violated in the prior proceeding.

In *Burgett v. Texas, supra,* where the Court concluded that uncounseled prior convictions cannot be used to enhance punishment for an offense, the records of petitioner's prior conviction were conflicting as to whether he had counsel at the prior proceeding. The prosecution offered a certified copy of a prior judgment of conviction for the purpose of enhancing the penalty under the Texas recidivist statute. The judgment stated: "Came the Assistant Attorney General for the State and defendant in proper person and without counsel." Petitioner objected to the introduction of that record on the ground that he was not represented

---

[1] Defendant argued at the omnibus hearing and at trial that his right to counsel was violated and that the burden was on the state to prove the constitutional validity of the prior conviction. He did not argue that there was no "valid waiver" of counsel.

by counsel. The trial court reserved ruling. The prosecution then offered a second version of the same prior judgment which recited that petitioner appeared "in proper person" but did not state that he was "without counsel." That second version also stated: "After said jury had heard the evidence, argument of counsel, and the charge of the court, they retired to consider their verdict." The record was not clear, however, whether "counsel" was used in the singular or plural, and no explanation was offered for the discrepancy between the two records. The trial court sustained petitioner's objection to the first version of the conviction, but overruled the objection to the second version.

The Supreme Court reasoned that the records of the prior convictions

"*** on their face raise a presumption that petitioner was denied his right to counsel in the [prior] Tennessee proceeding, and therefore that his conviction was void. Presuming waiver of counsel from a silent record is impermissible." 389 US at 114.

The court did not specifically address the question of which party has the burden of proving the constitutional validity of a prior conviction.

Other jurisdictions have employed a variety of procedures to determine the constitutional validity of prior convictions and their admissibility under *Burgett.* [2] Oregon has not adopted any particular procedure.[3] At the omnibus hearing defendant did not

---

[2] *See Johnson v. State,* 9 Md App 166, 263 A2d 232 (1970); *Oswald v. Crouse,* 420 F2d 373 (10th Cir 1969); *Brown v. United States,* 483 F2d 116 (4th Cir 1973).

[3] In *Reinsch v. Quines,* 274 Or 97, 546 P2d 135 (1976), the defendant in a civil case proposed that Oregon adopt the procedure used by the Maryland court in *Johnson v. State, supra,* n 2:

"*** [A] hearing should be held outside the presence of the jury at which '[t]he state has the burden of proving a prior conviction;' that the *defendant 'must then produce evidence that his constitutional right to counsel was infringed in the prior proceeding';* and that 'the burden is then on the state to prove that his right to counsel was not infringed on the prior proceeding.' " 174 Or at 102; italics in original.

The court concluded that the suggested procedure was not constitutionally required for use in civil cases; the case, of course, did not involve the issue of a special procedure for criminal cases.

attempt to substantiate his allegation by producing any evidence, not even his own testimony, that his constitutional right to counsel was infringed in the prior proceeding. He merely relied on his allegation. We conclude that that was not sufficient.

In *Loper v. Beto, supra,* the plurality opinion of the Supreme Court, in footnote dicta defining the question presented, said:

"*** [T]he Court of Appeals *** did not rest its decision on a finding that the petitioner had failed to meet his burden of proving the invalidity of the prior convictions. It reached the merits of the legal question involved, and we granted certiorari to review that decision. There is thus no basis in the record upon which we may either dismiss this case or affirm the decision below on the ground that the petitioner did not meet his burden of proving that the prior convictions were invalid. *See Burgett v. Texas,* 389 US 109, 114-115, 19 L Ed 2d 319, 324, 88 S Ct 258; *Losieau v. Sigler,* 406 F2d 795, 803; *Williams v. Coiner,* 392 F2d 210, 212-213." 405 US at 380, n 6.

All of the opinions in *Loper* rest on the assumed proposition that the defendant had at least the initial burden of proof. In *Losieau v. Sigler, supra,* and *Williams v. Coiner, supra,* cited in *Loper,* the courts concluded that *Burgett* dictates that where the record is "silent" as to whether defendant was represented at the prior proceeding, the defendant must introduce some evidence substantiating his claim that he was not in fact represented.

In this case, a determination of the constitutional validity of defendant's prior conviction was in issue in the omnibus hearing. Defendant offered no evidence that his constitutional right to counsel was infringed in the prior proceeding. Given the suggestion in the quotation from *Loper v. Beta, supra,* and its apparent acceptance by the plurality members *and* the dissenters and in the absence of any otherwise authoritative pronouncement by either the Supreme Court of the

[748]

United States or of Oregon, we are warranted in putting the burden of proof where we think it ought to be, that is on the defendant who challenges the utility of the record. There having been offered no substantiating evidence that his constitutional rights were violated, the trial court properly concluded that the prior conviction was admissible.

Affirmed.