Argued and submitted August 22, reversed and
remanded for a new trial October 13, 1980

STATE OF OREGON,
*Respondent,*

*v.*

DAVID CHARLES VAN LIEU,
*Appellant.*

(No. CR 80-306, CA 17491)

617 P2d 914

Dale L. Crandall, Salem, argued the cause and filed the brief for appellant.

Duane W. Halbleib, Deputy District Attorney, Dallas, argued the cause and filed the brief for respondent.

Before Richardson, Presiding Judge, and Thornton and Buttler, Judges.

THORNTON, J.

## THORNTON, J.

Defendant appeals from his conviction after trial to the court without a jury of driving while under the influence of intoxicants (DUII). He assigns as error the holding of the trial without a jury, contending that he never waived his constitutional and statutory right to a trial by jury. We reverse.

The essential facts are as follows:

Defendant was cited for DUII on February 2, 1980. On February 5, defendant appeared without counsel and was arraigned on a Uniform Traffic Citation Complaint. The court at that time advised defendant, inter alia, of his right to a jury trial. Defendant pleaded not guilty and advised the court that he would employ an attorney to represent him.

On April 3, 1980, the case came up for trial. Defendant appeared without an attorney. The court thereupon asked defendant if he was prepared to proceed to trial. Defendant replied that he was.[1] Apparently nothing was said by anyone concerning waiver of a jury trial. Defendant at no time on that date or in the two-month period following arraignment made any request for a jury.

ORS 46.180(1) provides:

"(1) In the district court a jury may be demanded in a civil or criminal proceeding upon:

"(a) Notice to the adverse party; and

"(b) Written application to the clerk of the court and payment of the fees not later than five days before trial."

---

[1] The relevant portions of the record are as follows:

"Court: Are you willing and prepared to proceed?

"Defendant: Yes I am.

"Court: Alright. You wish to enter a plea of not guilty, I assume.

"Defendant: Yes I do.

"Court: Alright. Alright, Mr. Halblieb, you may call your first witness."

Although defendant failed to notify the court or the clerk of his desire to have a jury trial, because there was no written waiver of this right under the provisions of Or Const, Art I, § 11 and ORS 136.001.[2], the judgment must be reversed and the case remanded for a new trial. *State v. Wiik,* 31 Or App 571, 570 P2d 1021, *rev den* 281 Or 323 (1977); *State v. Miller,* 43 Or App 697, 603 P2d 784 (1979).

Reversed and remanded for a new trial.

---

[2]

"(1) The defendant in all criminal prosecutions shall have the right to public trial by an impartial jury.

"(2) The defendant may elect to waive trial by jury and consent to be tried by the judge of the court alone, provided that the election is in writing and with the consent of the trial judge." ORS 136.001.