Argued and submitted March 3, reversed and remanded for new trial May 27, 1981

# STATE OF OREGON,
*Respondent,*

*v.*

# MARVIN DUANE GRENVIK,
*Petitioner.*

(Nos. T79 5-2472, T79 5-2473,
CA 17668, SC 27454)

628 P2d 1195

William Uhle, Oregon City, argued the cause and filed a brief for petitioner.

James E. Mountain, Jr., Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were James M. Brown, Attorney General, John R. McCulloch, Jr., Solicitor General, William F. Gary, Deputy Solicitor General, and Robert D. Bulkley, Assistant Attorney General, Salem.

TANZER, J.

**TANZER, J.**

Defendant appeals his conviction in a jury trial for the traffic crime of driving under the influence of intoxicants. ORS 487.540. Defendant was convicted of a Class A misdemeanor pursuant to ORS 484.365(1), which provides:

"Any Class A traffic infraction, as defined in subsection (3) of this section, shall be prosecuted and be punishable as a Class A misdemeanor if the defendant has been convicted of a Class A traffic infraction, as defined in subsection (3) of this section, or a traffic crime within a five-year period immediately preceding the commission of the offense, and the previous conviction was not part of the same transaction as the present offense."

At a pre-trial omnibus hearing, the state sought a ruling on the admissibility of an abstract of record of the prior conviction. Defendant objected, arguing that his Sixth Amendment right to counsel would be violated by use of a prior conviction obtained when he had no attorney. Defendant provided no testimony in support of that argument. Although the proceeding was in the form of a test of admissibility, the trial court, the Court of Appeals, and the parties have treated the motion, objection and ruling as directed toward the sufficiency of the abstract alone to prove a constitutionally valid prior conviction. The trial court overruled the objection, the Court of Appeals affirmed, and we accepted review to examine the defendant's contention that his right to counsel was violated by the state's use of a prior conviction based upon a guilty plea entered without counsel.

Preliminarily, the state argues that prior convictions are not subject to collateral attack except as provided in the Post Conviction Relief Act, ORS 138.510 to 138.680. The United States Supreme Court has held to the contrary. In *Baldasar v. Illinois*, 446 US 222, 100 S Ct 1585, 64 L Ed 2d 169 (1980), that court held that the constitutional validity of a prior conviction used to enhance a subsequent offense may be challenged in the subsequent prosecution. *See also Burgett v. Texas*, 389 US 109, 88 S Ct 258, 19 L Ed 2d 319 (1967).

At the time of defendant's guilty plea, the traffic code provided that a person accused of a traffic infraction

was not entitled to an attorney at public expense, ORS 484.390(1). In *Brown v. Multnomah County Dist. Ct.,* 280 Or 95, 570 P2d 52 (1977),[1] we held that this and other provisions were unconstitutional because the offense is a crime and an accused cannot be lawfully convicted without having been afforded the right to counsel and certain constitutional safeguards associated with criminal prosecutions. Therefore, a conviction for driving under the influence of intoxicants where a defendant was without the assistance of counsel and has not waived counsel is invalid.

The abstract of record on the back of a uniform traffic citation, see ORS 484.150(2)(b) and (6), consists of a form with blanks, which are to be filled in by the trial court as appropriate. The pertinent part in this case appears as follows:

"5/3/77   Defendant arraigned        X    Plea    G

Attorney for Defendant         _____ "

It then recites that defendant was fined. There is no other reference to counsel. It is inferable from the existence of a blank for the name of a defendant's lawyer, from the fact that no name or other notation is inserted, and from the absence of any evidence to the contrary, that defendant was not represented by counsel.

■ ■   There is no evidence of waiver of counsel. A valid waiver will not be presumed from a silent record. *Burgett v. Texas, supra,* 389 US at 114-15. It appears from this record that defendant was entitled to assistance of counsel, did not have it and did not waive it. Therefore, the abstract of record was not sufficient to prove a valid prior conviction.[2]

---

[1] Speaking for myself only and not necessarily for any other member of the court, my reliance on *Brown v. Multnomah County Dist. Ct.,* 280 Or 95, 570 P2d 52 (1977), should not be regarded as my accession in that holding. The issue in *Brown* is not in dispute in this case.

[2] The Court of Appeals reasoned that defendant had not shown that he was denied counsel because he might have been able to afford counsel and chose not to. The election by a person who can afford counsel to nevertheless forego counsel is a waiver. The rule that waiver will not be found from a silent record precludes that reasoning. *See, Boag v. State,* 44 Or App 99, 605 P2d 304 (1979). *State v. Annino,* 46 Or App 743, 613 P2d 84 (1980), is not to the contrary. The statement of facts in

■■ We cannot conclude that the jury was not influenced by evidence of a prior conviction of a similar offense which was improperly before them. Because the error was not harmless, we do not exercise our authority to modify the conviction to one for the lesser offense of driving under the influence of intoxicants under ORS 487.540 alone. *Cf. State v. Branch,* 244 Or 97, 101, 415 P2d 766 (1966); *State v. Braley,* 224 Or 1, 13, 355 P2d 467 (1960). Rather, we reverse the conviction and remand for trial of the unenhanced charge.[3]

Reversed and remanded for new trial.

---

*Annino* indicates that there was no showing of whether defendant had a lawyer or not. Because there was no showing that defendant was not represented, the question of waiver was not reached.

[3] The overruling of defendant's objection was technically correct, in that the abstract would have been admissible as evidence of the prior conviction if additional evidence was forthcoming to prove waiver. Nevertheless, as we noted above, the parties and the court used the procedure for a determination of legal sufficiency of the abstract standing alone to prove the prior conviction, and the ruling was incorrect in that respect. The procedure was functionally equivalent to a motion for judgment of acquittal. Therefore, as to the evidence of prior conviction a remand for retrial of the enhanced charge under the principles we stated in *State v. Verdine,* 290 Or 553, 624 P2d 580 (1981), is not permissible.