Submitted on record and briefs May 7, remanded June 15,
reconsideration denied July 23,
petition for review denied September 22, 1981 (291 Or 662)

# THOMAS WAYNE MATTESON,
### *Petitioner,*

*v.*

# STATE BOARD OF PAROLE,
### *Respondent.*

### (CA A20179)

629 P2d 1317

Thomas Wayne Matteson, Salem, filed the brief pro se for petitioner.

Dave Frohnmayer, Attorney General, and Elise (Lisa) C. Brown, Assistant Attorney General, Salem, filed the brief for respondent.

Before Gillette, Presiding Judge, and Roberts and Young, Judges.

GILLETTE, P. J.

## GILLETTE, P. J.

Petitioner, who is presently serving a twenty-year term for Manslaughter in the First Degree, appeals[1] the Board of Parole's decision denying him administrative review of the Board's order of October 27, 1980, which reset his release date. We remand.

Petitioner has filed a *pro se* brief which we have found virtually impossible to understand. We take our statement of facts primarily from the Board's brief. Petitioner's prison term hearing was held on June 18, 1980. The Board gave petitioner a release date of November, 1986--an 84 month "set." In July, petitioner requested review of this order. Review was granted by the Board and, after a new hearing, petitioner's release date was reset, on October 22, 1980, to a 76 month "set." Petitioner again requested administrative review by the Board, which was denied on February 6, 1981. This appeal followed.

The Board rule pertinent to this inquiry is OAR 255-80-010, which provides that the Board must grant administrative review and remand a case for rehearing if:

"(1) The Board action is not supported by the written findings, or the written findings are inaccurate; or

"(2) Pertinent information was available at the time of the original hearing which, through no fault of the prisoner, was not considered; or

"(3) The action of the Board is inconsistent with its rules or policies or is contrary to law; and

"(4) The matters raised on appeal may have an effect on the original decision."

Petitioner's first claim of error is that the Board erred in failing to grant further administrative consideration because, he claims, the Board gave him an improper matrix score increased by "1" because it regarded him as having "failed probation." He had been on probation at the time the offense for which he is now incarcerated occurred. His argument is to the effect that there was no

---

[1] ORS 144.335(1) provides:

"(1) When a person over whom the board exercises its jurisdiction is adversely affected or aggrieved by a final order of the board related to the granting, revoking or discharging of parole, such person is entitled to judicial review of the final order."

formal order revoking his probation after his plea of guilty to the Manslaughter charge. We fail to see why, under these self-evident circumstances, the Board cannot treat him as having failed probation, even absent a court order to that effect. We find no error.

■     Petitioner's second claim of error is that the Board improperly considered certain of petitioner's prior convictions in determining his criminal history/risk score. Petitioner's claim is that three of the convictions which were utilized by the Board were "uncounseled." The Board responds that it cannot tell from the record whether the convictions were uncounseled or not and, since it cannot determine that, it was entitled to rely upon them.

Although the Board has cited no legal authority for the proposition that it may consider an inmate's prior convictions as "counselled" unless the record affirmatively indicates the contrary, certain opinions by this court may well have given the impression that a "silent record" may be treated this way. *See, e.g., State v. Annino,* 46 Or App 743, 613 P2d 84, *rev den* 289 Or 588 (1980). It is now clear that this view of a silent record is incorrect. *See State v. Grenvik,* 291 Or 99, 628 P2d 1195 (1981); *State v. Mattila,* 52 Or App 743, 629 P2d 845 (1981).

Having stated that the Board's view of the rule is incorrect does not, however, solve the case. *Grenvik* was decided after the Board's decision in this case. The Board had no opportunity to consider petitioner's record in light of that decision. There may be reasons, not apparent on this record, for not following *Grenvik* in these cases. Remanding the case to the Board will permit that body, in the first instance, to consider the impact of *Grenvik* on its procedures and to articulate reasons for either following or not following the reasoning of *Grenvik* in the parole release date context. Accordingly, beyond the act of remanding, we express no opinion regarding the question, but leave it to the Board to articulate its considered judgment on this issue in the first instance.

■     Finally, petitioner challenges his parole release date itself, apparently on the theory that it is a result of the

application of "aggravating" factors. As the state's brief points out, the petitioner's final release date of 76 months is within the matrix range provided by rule and no aggravating factors (which authorize a release date outside the matrix range) have applicability.

Remanded.