Argued and submitted October 30, 1981, affirmed;
remanded for resentencing July 8, reconsideration allowed;
former opinion modified; reversed and remanded for a
new trial (59 Or App 482, 651 P2d 171) September 29, 1982

# STATE OF OREGON,
*Respondent,*

*v.*

# CURTIS RAY CASSADA,
*Appellant.*

## (No. K 66131, CA A20742)

647 P2d 938

Merrill Schneider, Portland, argued the cause and filed the brief for appellant.

Christine L. Dickey, Assistant Attorney General, Salem, argued the cause for respondent. With her on the brief were Dave Frohnmayer, Attorney General, and William F. Gary, Solicitor General, Salem.

Before Joseph, Chief Judge, and Warden and Warren, Judges.

JOSEPH, C. J.

## JOSEPH, C. J.

Defendant was convicted by a jury of driving under the influence of intoxicants. ORS 487.540. Because of a prior conviction for driving while suspended, defendant was tried under the provisions for enhanced punishment in former ORS 484.365.[1] He assigns three errors.

■ ■  First, he argues that the trial court erred in taking from the jury the question whether he was under the influence of intoxicants at the time of the act in question. The primary defense at trial was that defendant's acquaintance, and not defendant, was driving the car when the officer stopped it. In his opening statement, defense counsel very clearly stated that defendant was intoxicated at the time of the incident. In his own testimony defendant admitted that he was drunk at the time in question. The trial court instructed the jury, over defendant's objection, as follows:

"There are several issues brought about by that complaint and the defendant's subsequent plea of not guilty. The plea of not guilty puts everything into controversy and until the defendant says otherwise, and during the course of this trial you have heard him admit that he was, in fact, intoxicated so you know that issue isn't before you, but there are still several other elements in the charge of driving while intoxicated. * * *"

---

[1] ORS 484.365, in effect at the time of defendant's trial, provided in part:

"(1) Any Class A traffic infraction, as defined in subsection (3) of this section, shall be prosecuted and be punishable as a Class A misdemeanor if the defendant has been convicted of a Class A traffic infraction, as defined in subsection (3) of this section, or traffic crime within a five-year period immediately preceding the commission of the offense, and the previous conviction was not part of the same transaction as the present offense.

"(2). In applying subsection (1) of this section, any conviction of a Class A infraction or a traffic crime as described in subsections (3) and (4) of this section, or a conviction before July 1, 1976, of any of the statutory counterparts of these offenses which occurred within the immediate five-year period before the commission of the present offense, shall be included whether the previous conviction occurred before or after July 1, 1976.

"* * * * *

"(4) As used in this section, 'traffic crime' means:

"* * * * *

"(b) Driving a motor vehicle while suspended or revoked."

The statute was repealed in 1981. Or Laws 1981, ch 803, § 26.

It is error, in a criminal case, to take any element of the crime from the jury, "no matter how overwhelming the evidence of guilt might be." *State v. Gibson,* 252 Or 241, 244, 448 P2d 534 (1969). Nevertheless, the jury having heard the judicial admissions of counsel and the defendant, the error was harmless beyond a reasonable doubt.

■     Next, defendant argues that the court erred in finding that his prior conviction for driving while suspended was constitutionally valid for purposes of enhancement. Only a constitutionally valid conviction may be used to enhance a subsequently prosecuted charge. *Baldasar v. Illinois,* 446 US 222, 100 S Ct 1585, 64 L Ed 2d 169 (1980); *State v. Grenvik,* 291 Or 99, 628 P2d 1195 (1981). Defendant claims that, because his prior conviction was in a trial to the court and there is no evidence that he waived his right to a jury trial, that conviction cannot be used for enhancement.

■     Citing *State v. Grenvik, supra,* and *State v. Annino,* 46 Or App 743, 613 P2d 84, *rev den* 289 Or 588 (1980), the state argues that defendant had first to produce competent evidence to show that he was not advised of his right to a jury trial before the state could be required to prove that he had waived that right. It points out that the trial court found that defendant was not "competent" to testify as to whether he was advised of his right, because his memory of the prior trial was faulty. While the initial burden may be on a defendant with respect to a waiver of counsel, as in *Grenvik* and *Annino,* that is not true with respect to a waiver of a jury trial. The Oregon constitution does not require that a waiver of counsel be in writing, but it does require a written waiver of the right to trial by jury in a criminal case. Art. I, § 11, Oregon Constitution.[2]

■ ■     The record contains no written waiver of defendant's right to a jury trial.[3] We cannot presume a waiver

---

[2] ORS 136.001 also requires a written waiver.

[3] Defense counsel first represented to the court that defendant had pled guilty to the prior charge. When the record was produced, it became clear that defendant had pled not guilty but had been tried to the court. Defendant testified that there had been no trial and, later, that he had had a jury trial. It is apparent that he remembered little of what happened in the other case. He said that he was never asked whether he wanted a jury trial and "was just told how much money [he] should bring to court."

from a silent record. *See Burgett v. Texas,* 389 US 109, 88 S Ct 258, 19 L Ed 2d 319 (1967); *State v. Grenvik, supra,* 291 Or at 102. It was error to enhance defendant's conviction on the basis of his prior conviction. *State v. Van Lieu,* 48 Or App 671, 617 P2d 914 (1980); *State v. Miller,* 43 Or App 697, 603 P2d 784 (1979); *State v. Wiik,* 31 Or App 571, 570 P2d 1021 (1977), *rev den* 281 Or 323 (1978).[4]

■ Finally, defendant claims that the state's exhibits of photocopies of certified documents were inadmissible. He is wrong. *State v. Barckley,* 54 Or App 351, 634 P2d 1373 (1981).

Conviction affirmed; remanded for resentencing.

---

[4] The state argues that *State v. Naughten,* 5 Or App 6, 480 P2d 448, *rev den* (1971), applies. In *Naughten* we held that the failure of the state to obtain a written waiver was harmless error where there had been an informed oral waiver by defendant of his right to a jury trial which appeared in the trial transcript.