On appellant's reconsideration filed August 9, reconsideration allowed; former opinion filed July 8 (58 Or App 84, 647 P2d 938) modified; reversed and remanded for a new trial September 29, 1982

STATE OF OREGON,
*Respondent,*

*v.*

CURTIS RAY CASSADA,
*Petitioner.*

(No. K 66131, CA A20742)

651 P2d 171

Merrill Schneider, Sandy, for petition.

No appearance contra.

Before Joseph, Chief Judge, and Warden and Warren, Judges.

WARDEN, J.

Joseph, C. J., dissenting.

### WARDEN, J.

Defendant petitions the Supreme Court for review of our decision in *State v. Cassada,* 58 Or App 84, 647 P2d 938 (1982). His petition serves as a petition for reconsideration in this court. ORAP 10.10.

In *State v. Cassada, supra,* we held that the trial court erred in enhancing defendant's conviction for driving under the influence of intoxicants to a class A misdemeanor on the basis of his prior conviction for driving while suspended, because the prior conviction was not constitutionally valid. We affirmed the DUII conviction and remanded to the trial court for resentencing. Our holding was in accord with the first contention made in support of defendant's second assignment of error. We did not address his second contention, i.e., that the trial court further erred in allowing evidence of the prior conviction to go to the jury. Defendant asks that we reconsider our previous decision, consider his unaddressed contention, and on the basis of it, reverse his conviction for driving under the influence of intoxicants and remand for a new trial.

In *State v. Grenvik,* 291 Or 99, 103, 628 P2d 1195 (1981), the Supreme Court, on nearly identical facts, stated:

> "We cannot conclude that the jury was not influenced by evidence of a prior conviction of a similar offense which was improperly before them. Because the error was not harmless, we do not exercise our authority to modify the conviction to one of the lesser offense of driving under the influence of intoxicants under ORS 487.450 alone. * * * Rather we reverse the conviction and remand for trial of the unenhanced charge." (Citations omitted.)

Because his prior conviction was not constitutionally valid, it was error to allow evidence of that conviction to go to the jury. The error was not harmless. *State v. Grenvik, supra.* The conviction must be reversed and the case remanded for trial of the unenhanced charge. *Cf. State v. Johnson,* 58 Or App 747, 650 P2d 143 (1982).

Reconsideration granted; former opinion modified; reversed and remanded for a new trial.

**JOSEPH, C. J.,** dissenting.

I dissent because I think our original decision was correct.