THOMAS WAYNE MATTESON,
*Petitioner,*
*v.*
STATE BOARD OF PAROLE,
*Respondent.*
(42241; CA A24866)

664 P2d 434

Thomas Wayne Matteson, Salem, filed the brief pro se for petitioner.

Dave Frohnmayer, Attorney General, William F. Gary, Solicitor General, and Scott McAlister, Assistant Attorney General, Salem, filed the brief for respondent.

Before Buttler, Presiding Judge, and Warren and Rossman, Judges.

BUTTLER, P. J.

## BUTTLER, P. J.

For the second time, petitioner, who is presently serving a 20-year sentence for manslaughter in the first degree, seeks judicial review of the Board of Parole's decision denying him administrative review of the Board's order of October 27, 1980, resetting his parole release date. Petitioner contends, as he did in his first petition, that the Board improperly considered certain of his prior convictions in determining his criminal history/risk score. In the prior case, we noted that the Board had not had the opportunity to review *State v. Grenvik,* 291 Or 99, 628 P2d 1195 (1981), and remanded the case to permit the Board to "consider the impact of *Grenvik* on its procedures and to articulate reasons for either following or not following the reasoning of *Grenvik* in the parole release date context." *Matteson v. Board of Parole,* 52 Or App 737, 740, 629 P2d 1317 (1981). We expressed no opinion as to how the question should be resolved, but left it to the Board to articulate its considered judgment on the issue in the first instance.

The Board's apparent response to the remand of the earlier case was to adopt Instructions Nos. 6 and 7 relating to Exhibit B to OAR 255-35-015. Exhibit B is the form used by the Board to determine a criminal history/risk assessment score for an inmate. Instructions 6 and 7 detail how the Board will consider an assertion by an inmate that his prior conviction was invalid for constitutional reasons. Instruction No. 6 states:

> "Do not count convictions reversed or vacated on constitutional grounds (e.g., that an indigent defendant was deprived of his/her right to counsel). *However it is presumed that a conviction/adjudication is valid unless the evidence is clear that it is not. If a prisoner challenges such conviction, the prisoner should be advised to petition for a reversal of such conviction in the court in which the prisoner was originally tried, and then to provide the Board with evidence of such reversal.* (Emphasis supplied.)

Instruction No. 7 states:

> "Do not count convictions if the Presentence Report clearly documents that the defendant neither had counsel nor waived counsel for a particular conviction. Count convictions where the offender chooses to represent himself. If an offender challenges counting an offense on the basis that it was uncounseled, consider the circumstances prior to granting the relief.

In weighing the evidence, recent convictions and serious convictions increase the burden on the offender for producing criteria to overcome the presumption that the crime was counseled. If the conviction record is not clear and several years have elapsed, e.g., a marijuana-related crime in 1971 in New Jersey where the disposition is unclear other than recording a $100 fine, the conviction would be more susceptible to a challenge that it was uncounseled. However, a recent misdemeanor conviction in Oregon would be presumed to be counseled. If the offender fails to raise the issue, failure may be cited to require that the offender produce more evidence, e.g., documentation from the court that the conviction was uncounseled. If the court makes a finding to the effect that a case was counseled, then the burden of producing evidence is upon the offender."

■ We believe the instructions represent a realistic method of dealing with the *Grenvik* question, given that the Board is not a court of law and that, although it is an agency (ORS 183.310(1)), it is not subject to the provisions of the Administrative Procedures Act governing contested case hearings. ORS 183.315. The Board has recognized that it is not a judicial body, that its members are not judges and that it does not have the authority to adjudicate the constitutional validity of an inmate's prior convictions. In the light of those inherent limitations, the Board decided to accord *prima facie* validity to a prior conviction rather than to assume invalidity from a silent record. There are judicial procedures by which an inmate may challenge the validity of prior convictions on constitutional grounds (*e.g.,* ORS 138.510 *et seq*), but petitioner has not availed himself of any of them.

Although the record does not disclose that the Board specifically considered *Grenvik,* it apparently considered the problem presented by *Grenvik* and decided that, in the absence of a record indicating a constitutional infirmity of a conviction, it will take the prior conviction into account in determining an inmate's criminal history/risk assessment score. That response to our remand is a reasoned one and complies substantially with our mandate.

Here, the Board followed its own instructions and, in the absence of any evidence other than petitioner's allegations,

treated the prior convictions as valid for its purposes. Accordingly, we affirm that aspect of the Board's order.

■ Petitioner also contends, and the Board concedes, that the period of incarceration he had served as a condition of probation should not have been considered in determining his criminal history/risk assessment score. *See* coding instructions to Exhibit B under OAR 255-35-015 for item B(1). Because the Board concedes that it did not follow its own instructions, the case must be remanded again for a re-determination of petitioner's criminal history/risk assessment score.

Remanded for reconsideration.