Argued and submitted January 23, reversed
and remanded for new trial February 22, 1984

## STATE OF OREGON,
*Respondent,*

*v.*

## KEITH DARNELL HORSLEY,
*Appellant.*

### (C 83-01-30455; CA A28746)
676 P2d 916

Carla D. Thompson, Salem, argued the cause for appellant. With her on the brief was Gary D. Babcock, Public Defender, Salem.

Roy Pulvers, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Dave

Frohnmayer, Attorney General, and James E. Mountain, Jr., Solicitor General, Salem.

Before Richardson, Presiding Judge, Joseph, Chief Judge, and Newman, Judge.

RICHARDSON, P. J.

## RICHARDSON, P. J.

Defendant appeals his conviction for robbery in the first degree after trial to the court without a jury. He contends that he was not advised of his right to have a jury and did not waive trial by jury in writing. He also claims error in the denial of his motion to suppress statements that he made to police officers and asserts that the sentence imposed was unconstitutional.

■ The state concedes, and we agree, that defendant was not properly advised of his right to a jury trial and did not execute a written waiver of trial by jury. ORS 136.001(2); Or Const, Art I, § 11; *State v. Van Lieu,* 48 Or App 671, 617 P2d 914 (1980). Accordingly, we reverse and remand for a new trial.

■■ Because the admissibility of defendant's statements will arise on retrial, we address that issue. Defendant was contacted by police officers as a suspect in the robbery. He was advised of his constitutional rights and then made incriminating statements to the police officers. He contends that, after he was advised of his rights, he requested an attorney but the police continued to interrogate him. At the hearing on the motion to suppress, the officers testified that defendant did not request an attorney and waived his rights before talking to the officers. The trial court explicitly found that defendant had not requested an attorney. We are bound by the trial court's findings of fact if supported by the evidence. *Ball v. Gladden,* 250 Or 485, 443 P2d 621 (1968). The trial court stated that he believed the testimony of the officers regarding defendant's alleged request for an attorney. There was evidence to support the findings. We concur in the conclusion that defendant voluntarily waived his rights. The order denying the motion to suppress is affirmed.

Because we reverse and remand for a new trial, it is unnecessary to address the propriety of the sentence imposed.

Reversed and remanded for new trial.