Argued and submitted April 4, reversed and remanded September 5, 1984

## CITY OF PENDLETON,
*Respondent on Review,*

*v.*

## STANDERFER,
*Petitioner on Review.*

(TC T-5243N; CA A28740; SC S30229)

688 P2d 68

William J. Storie, Pendleton, argued the cause and filed the petition and brief for petitioner on review.

Thomas H. Denney, Assistant Attorney General, Salem, argued the cause for respondent on review. With him on the brief were Dave Frohnmayer, Attorney General, and James E. Mountain, Jr., Solicitor General, Salem.

ROBERTS, J.

## ROBERTS, J.

The question is whether the denial of diversion from criminal prosecution because of a prior uncounseled conviction violates defendant's federal sixth amendment right to counsel.[1]

Defendant was convicted of driving under the influence of intoxicants (DUII) in 1979. The record indicates that this conviction was entered without the assistance of counsel.[2] In late 1982 he was charged with another DUII offense. He petitioned for diversion pursuant to ORS 484.450. The state objected to diversion because of defendant's prior DUII conviction. The trial court denied the petition for diversion in reliance on ORS 484.450(4)(a), which precludes the court from allowing diversion if the defendant has been convicted of DUII within the preceding 10 years. Defendant then proceeded to trial, was found guilty and sentenced.[3] The Court of Appeals affirmed without opinion, 65 Or App 284, 670 P2d 1075 (1983).

We held in *Brown v. Multnomah County Dist Ct,* 280 Or 95, 570 P2d 52 (1977), that a conviction for DUII obtained when a defendant was without the assistance of counsel and had not waived counsel was invalid. This decision interpreted article I, section 11 of the Oregon Constitution. In *State v. Grenvik,* 291 Or 99, 628 P2d 1195 (1981), we considered whether the use of such an invalid conviction could be challenged in a subsequent prosecution. In that case, the state sought to use the invalid prior conviction to elevate defendant's second offense from a Class A traffic infraction to a Class A misdemeanor. *Grenvik* was briefed and argued under the federal sixth amendment. We cited *Baldasar v. Illinois,* 446 US 222, 100 S Ct 1585, 64 L Ed 2d 169 (1980) (per curiam), and *Burgett v. Texas,* 389 US 109, 88 S Ct 258, 19 L Ed 2d 319

---

[1] Defendant does not raise any claim under article I, section 11 of the Oregon Constitution.

[2] *State v. Grenvik,* 291 Or 99, 628 P2d 1195 (1981), held that where there was no evidence of waiver of counsel, a valid waiver will not be presumed from a silent record. The record in *Grenvik* was identical to the one here. The line where the name of defendant's lawyer would appear on the form recording defendant's guilty plea in the first conviction is blank.

[3] Defendant was sentenced to two days in jail, a fine of $260 and a suspended sentence of three years. Imposition of sentence was stayed pending appeal.

(1967), for the proposition that the constitutional validity of a prior conviction may be challenged in a subsequent prosecution when the prior conviction is used to enhance the subsequent offense.

The *Baldasar* decision addressed the collateral use of a prior uncounseled misdemeanor conviction. It prohibited the use of a prior uncounseled misdemeanor conviction, for which defendant was not incarcerated but was placed on probation, to elevate a subsequent offense from a misdemeanor to a felony. The reason for the prohibition is expressed in Justice Marshall's concurrence:

> "We should not lose sight of the underlying rationale of Argersinger [v. Hemlin, 407 US 25, 92 S Ct 2006, 32 L Ed 2d 530 (1972)], that unless an accused has 'the guiding hand of counsel at every step in the proceedings against him,' * * * his conviction is not sufficiently reliable to support the severe sanction of imprisonment. * * * For this reason, a conviction which is invalid for purposes of imposing a sentence of imprisonment for the offense itself remains invalid for purposes of increasing a term of imprisonment for a subsequent conviction under a repeat-offender statute." (Citation and footnote omitted.) 446 US at 227-28.

*Baldasar* includes three concurring opinions and a dissent by four justices. Blackmun, J., concurring, held to his dissenting view in *Scott v. Illinois,* 440 US 367, 99 S Ct 1158, 59 L Ed 2d 383 (1979),[4] and maintained that the first conviction was invalid because of the denial of assistance of counsel. It therefore could not be used in the subsequent conviction. Marshall, J., concurring, agreed that *Scott* was wrongly decided but reasoned that even if one accepted the holding in *Scott* that counsel is not required in misdemeanor cases unless imprisonment is actually imposed, defendant's prior uncounseled conviction "was not valid for all purposes." 446 US at 226. It could not be used in such a way as to impose an increased term of imprisonment in the subsequent offense.

---

[4] *Scott v. Illinois,* 440 US 367, 99 S Ct 1158, 59 L Ed 2d 383 (1979), held that in misdemeanor cases the sixth amendment "require[s] only that no indigent criminal defendant be sentenced to a term of imprisonment unless the State has afforded him the right to assistance of appointed counsel in his defense." 440 US at 374. Justices Brennan, Marshall, Stevens and Blackmun dissented. They argued that counsel should be afforded in any offense for which imprisonment potentially could be imposed.

The brief concurring opinion of Stewart, J., seems to agree with this view. The dissenters in *Baldasar* would permit the use of the prior uncounseled misdemeanor on the theory that the uncounseled misdemeanor conviction was valid and could be used for any purpose.

Although *Baldasar* lends itself to a number of interpretations,[5] the most straightforward is this: If the initial uncounseled misdemeanor conviction cannot be used directly to impose a prison term, then it cannot be used indirectly either to elevate a subsequent charge from a misdemeanor to a felony or to impose an increased term of imprisonment.

In *Grenvik,* we cited *Baldasar* probably because that was the case on which the parties placed primary reliance. However, the validity of the prior uncounseled conviction is a theoretically important distinction between *Baldasar* and *Grenvik.* It is the point on which the *Baldasar* court splintered. Both the sixth amendment and article I, section 11 guarantee the right to counsel in any "criminal prosecution." With misdemeanor prosecutions, however, the federal right extends only to those cases in which actual imprisonment is imposed, *Scott v. Illinois, supra.* Article I, section 11 is not so limited. *Brown v. Multnomah County Dist Ct, supra,* does not confine the definition of "criminal prosecution" to those misdemeanor cases in which imprisonment is actually or even potentially to be imposed. Other considerations, such as the punitive significance of the penalty, collateral consequences and use of pretrial arrest and detention, will determine whether the procedure is criminal and, hence, whether the state must afford the accused the rights, including the right to counsel, guaranteed in a criminal prosecution. Similarly, if we were to consider collateral use of prior convictions under article I, section 11, enhancement of the offense or of the term of imprisonment would be only one consideration. It would be necessary to address, in addition, whether the prior conviction causes the second offense to be treated in a punitive manner reflective of criminal rather than civil penalties.

Because Baldasar was not imprisoned for his first

---

[5] *See* Rudstein, *The Collateral Use of Uncounseled Misdemeanor Convictions after Scott and Baldasar,* 34 U Fla L Rev 517 (1982), for a review of state court interpretations.

misdemeanor offense, his uncounseled conviction was valid as far as federal law was concerned. When analyzing whether the prior conviction could be used in subsequent prosecutions, the Supreme Court examined the effect of the former on the latter. It focused on enhancement of a term of incarceration or elevation of the offense from a misdemeanor to a felony because the sixth amendment compels the assistance of counsel only in the event of a felony charge, *Gideon v. Wainwright,* 372 US 335, 83 S Ct 792, 9 L Ed 2d 799 (1963), or a misdemeanor resulting in actual incarceration, *Scott v. Illinois, supra.* If the prior uncounseled conviction were to have either of these effects on a subsequent prosecution, a sixth amendment violation would result.

Unlike *Baldasar,* there was no dispute in *Grenvik,* nor is there here, that the prior uncounseled DUII traffic infraction conviction was invalid. That issue had been decided by *Brown v. Multnomah County Dist Ct, supra.* Thus, the state's attempt to limit the effect of this undisputedly invalid conviction to the facts of *Baldasar* misses the mark. The proper analysis was expressed by Justice Powell in the *Baldasar* dissent. He reasoned that if a prior uncounseled conviction is invalid, it is void and "could not be put to other uses in court." 446 US at 232.

The federal Supreme Court cases that control the collateral use of prior invalid convictions and provide primary guidance in this case are *Burgett v. Texas, supra,* and *United States v. Tucker,* 404 US 443, 92 S Ct 589, 30 L Ed 2d 592 (1972). *Burgett* prohibits collateral use of invalid convictions "to support guilt and enhance punishment." 389 US at 115.[6] *Tucker* prohibits such collateral use when the disposition "might have been different" had the judge known of the invalidity of the prior conviction. 404 US at 448.

■ Combining these two cases, the federal prohibition

---

[6] The reason for prohibition on collateral use of prior uncounseled felonies is expressed in *Burgett* as follows:

"To permit a conviction obtained in violation of *Gideon v. Wainwright,* [372 US 335, 83 S Ct 792, 9 L Ed 2d 799 (1963)] to be used against a person either to support guilt or enhance punishment for another offense * * * is to erode the principle of that case. Worse yet, since the defect in the prior conviction was denial of the right to counsel, the accused in effect suffers anew from the deprivation of that Sixth Amendment right." (Citation omitted.) 389 US at 115.

may be stated as follows: The state cannot use an invalid prior conviction in a subsequent prosecution if to do so would lead to a disposition of the subsequent offense less favorable to defendant than that which would obtain in the absence of the prior invalid conviction. Thus, an invalid prior conviction may not be used to support guilt or enhance punishment in a subsequent criminal proceeding.

The state relies on the Court of Appeals distinction of *Grenvik* in a recent denial of diversion case, *State v. Wright,* 63 Or App 482, 664 P2d 1131 (1983), from which defendant did not seek review. In *Wright* the Court of Appeals held that defendant could not challenge the validity of his prior conviction in the present prosecution because

"defendant's prior conviction was not used to enhance the penalty to which he could be subject for his present conviction. DUII, with or without a prior conviction, is now a Class A misdemeanor * * * [for which] defendant could have been punished by a one-year prison term * * * and a fine of $2500 * * * regardless of whether he had a prior conviction." 63 Or App at 485.

It is not enough to consider the statutory penalty for this charge without also examining what effect the opportunity for diversion has on punishment. If a defendant is eligible for diversion, the criminal charge will be suspended pending the completion or termination of the diversion program. ORS 484.460(2). A defendant who has fully complied with and performed the conditions of the diversion agreement is entitled to have the charge dismissed with prejudice. ORS 484.470(1). In such a case defendant faces no criminal punishment at all.

On the other hand, a defendant not eligible for diversion faces a criminal sanction. Punishment is certainly enhanced as much when one faces a criminal sanction rather than a noncriminal resolution of the offense, as when one faces felony rather than misdemeanor treatment.[7] The collateral use of prior invalid convictions is prohibited not only when it elevates charges and penalties, but also when it

---

[7] Judge Buttler dissented in *State v. Wright,* 63 Or App 482, 664 P2d 1131 (1983). He could see no distinction between prohibiting prior uncounseled convictions from affecting a parole release date, *Matteson v. Board of Parole,* 52 Or App 737, 629 P2d 1317, *rev den* 291 Or 662 (1981), and relying on such a conviction to deny diversion.

imposes a penalty where defendant might avoid a criminal sanction.

The trial court refused to consider defendant's eligibility for diversion solely because of his prior DUII conviction, with the result that defendant received a criminal penalty, including a period of incarceration. It may be that the trial judge would have denied defendant's petition for diversion for reasons other than the prior conviction which are within his discretionary power to consider, ORS 484.455. It is also possible that defendant would have failed to complete the program. Either of these events could have led to imposition of a criminal sanction for the offense. None of these contingencies, however, should obscure the fact that the prior conviction is, at this point, the only reason defendant was denied diversion and received a criminal sanction.

We hold that under *Grenvik, Burgett* and *Tucker,* a defendant is able to challenge the use of a constitutionally invalid prior conviction in a subsequent criminal proceeding whenever the court relies on the prior conviction to enhance punishment. When a constitutionally invalid prior conviction leads to punishment more onerous than that to which a defendant might be subjected without the prior offense, the sixth amendment prohibits its use.

Reversed and remanded for further proceedings in light of this opinion.