Argued and submitted January 20, resubmitted In Banc June 3, affirmed
October 14, 1987

## STATE OF OREGON,
*Respondent,*

*v.*

## PAMELA JEAN BOYER,
*Appellant.*

(264385; CA A40964)

743 P2d 1116

Richard F. Alway, Salem, argued the cause and filed the brief for appellant.

Douglas F. Zier, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Dave Frohnmayer, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

RICHARDSON, J.

## RICHARDSON, J.

Defendant was charged with driving under the influence of intoxicants. *Former* ORS 487.540 (*now* ORS 813.010). She petitioned for diversion under *former* ORS 484.450 (now ORS 813.200), but the trial court denied the petition, because she had been convicted of DUII in 1978. She was convicted on the present charge after a trial on stipulated facts. She appeals, contending that the court erred in denying her petition for diversion.

Defendant was represented by counsel when she pleaded guilty in 1978. The issue is whether a prior conviction, obtained when a defendant was represented by counsel, can be used to deny DUII diversion. Defendant contends that, although she was represented by counsel, she was not advised of and did not waive all of her statutory and constitutional rights when she entered her plea in 1978 and it is, therefore, invalid.

Defendant did not testify in this proceeding, and the information concerning what occurred in the 1978 trial was presented by affidavit of her present counsel, his statement during argument, a statement of the prosecutor and certain documents. The prosecutor stipulated that, if defendant were called as a witness, she would testify to the information in her counsel's affidavit. The relevant statement in the affidavit is:

> "Defendant did not recall and denies being advised of and waiving all of her statutory and constitutional rights."[1]

The affidavit and court documents show that she was represented by counsel in 1978. Her present attorney told the court that he had contacted her previous lawyer and:

> "He does not recall going over with her all her statutory and constitutional rights in connection with the plea of guilty, but does as a general practice advise his clients of their rights."

The prosecutor told the court that defendant's former attorney told him that

> "in all instances he can recall and in this instance he did protect Ms. Boyer's rights, and his client's rights. * * * [H]e

---

[1] Defendant had also been convicted of DUII in 1977. Part of the affidavit of counsel concerned that conviction. She was not represented by counsel in 1977 and the state concedes that that conviction could not be used as a basis to deny diversion.

doesn't recall specifically what rights there were, issues he dealt with, with Ms. Boyer but recalls that or would state that he habitually protects his clients. * * * This is something he habitually and invariably does."

The audio record of the 1978 trial had been destroyed before this proceeding pursuant to court rules.[2]

Defendant argues that a constitutionally invalid conviction may not be a basis for denying diversion. She cites *City of Pendleton v. Standerfer,* 297 Or 725, 688 P2d 68 (1984), and *State v. Grenvik,* 291 Or 99, 628 P2d 1195 (1981), as her principal authority. Those cases appear to say that a person may collaterally challenge the *constitutional validity* of a prior conviction. Both cases, however, deal only with whether a prior conviction was constitutionally infirm under the Sixth Amendment, because the defendant was not represented by counsel and had not waived the right to representation.

Defendant's implicit argument is that the principle of *Standerfer* should be broadened to allow collateral challenges on an infinite variety of grounds. For example, she cites the provisions of ORS 135.385 and Article 1, sections 11 and 12, of the Oregon Constitution and argues that a plea must meet the standards of those statutory and constitutional provisions in order to be used as a basis for denying diversion. She contends that the record is silent as to whether she was given all of the information set out in ORS 135.385 or was advised of her right to a jury trial, to confront witnesses, to compel the attendance of witnesses and to be provided a copy of the complaint. She argues that advice of rights or waiver of those rights will not be presumed from a silent record. She therefore claims that there is no evidence that she waived any of her statutory or constitutional rights.

■ The statement of principle that defendant attributes to the Supreme Court has literal support in the *Standerfer* and *Grenvik* cases. However, because of the judicial history of the principle we conclude that it relates only to a previous conviction when a defendant was not represented by counsel and

---

[2] The abstract of record of the 1978 conviction is in evidence. It shows that defendant was arraigned and that counsel was appointed for her. There is also a judgment order in the record indicating that counsel appeared with her when she pleaded guilty and when she was sentenced. Neither document directly indicates whether defendant was advised of any rights or waived any rights.

does not encompass a general collateral attack on that conviction.

The principle had its genesis in *Baldasar v. Illinois,* 446 US 222, 100 S Ct 1585, 64 L Ed 2d 169 (1980). Baldasar had been previously convicted on a misdemeanor theft charge. He was not entitled to appointed counsel under the Sixth Amendment, because he was not incarcerated. *Scott v. Illinois,* 440 US 367, 99 S Ct 1158, 59 L Ed 2d 383 (1979). He later was charged with another theft which, under Illinois law, would be elevated to a felony, because it was the second offense. The Court said that the first conviction was valid when entered but, because the defendant was not represented, it could not be used to elevate a misdemeanor to a felony. In essence, the decision was a direct application of the Sixth Amendment right to counsel: If the initial uncounseled conviction could not result in incarceration, then it could not be used indirectly to elevate the later charge to a felony or to impose an increased term of imprisonment. The case did *not* involve a collateral invalidation of the first conviction.

In *Standerfer,* the court discussed the principles of *Baldasar v. Illinois, supra,* and *Burgett v. Texas,* 389 US 109, 88 S Ct 258, 19 L Ed 2d 319 (1967), as they relate to the collateral use of a prior uncounseled conviction. The opening paragraph of the opinion says:

> "The question is whether the denial of diversion from criminal prosecution because of a prior uncounseled conviction violates defendant's federal [S]ixth [A]mendment right to counsel." 297 Or at 727.

The court noted that the defendant did not raise any claim under the Oregon Constitution. The court summarized its holding under Sixth Amendment analysis:

> "The state cannot use an invalid prior conviction in a subsequent prosecution if to do so would lead to a disposition of the subsequent offense less favorable to defendant than that which would obtain in the absence of the prior invalid conviction." 297 Or at 731.

Contrary to defendant's argument here, neither *Standerfer* nor *Grenvik* are direct authority that a conviction cannot be used collaterally if it was had in violation of a statutory or constitutional right, other than the right to be represented by

counsel. Both cases were based on the federal Sixth Amendment and adopted the analysis of *Baldazar,* which applied only the Sixth Amendment right to counsel.

The language defendant uses from *Standerfer,* quoted first above, is merely the court's alternative statement of the later quoted principle that an uncounseled conviction is invalid for the collateral use of increasing the penalty for a subsequent offense. The language was not intended as a proposition authorizing collateral attack on a prior criminal judgment. There is no reason to extend it beyond its Sixth Amendment parentage. The parties have cited no case, and we have found none, that expands the principle of *Baldasar* in the way that defendant seeks.

■ In this case, defendant was represented by counsel in 1978. As the Supreme Court recognized in *Argersinger v. Hamlin,* 407 US 25, 92 S Ct 2006, 32 L Ed 2d 530 (1972), representation by counsel is a prime guarantee of a fair trial. Defendant cannot collaterally attack the adequacy of his representation in the 1978 DUII trial in this proceeding. Because defendant had counsel, whether he was advised of the things specified by statute or the rights accorded by the Oregon Constitution, during the 1978 DUII prosecution is irrelevant in this proceeding. The challenge to the previous conviction for the purpose of qualifying for diversion is limited to whether defendant was represented by counsel in the prior case. The court did not err by denying diversion because of defendant's prior conviction for DUII.

Affirmed.