## STATE OF OREGON,
*Respondent,*

*v.*

## WILLIAM RAY CONKLIN,
*Appellant.*

(M-735471; CA A40892)

743 P2d 779

Stephen Shurin, Portland, argued the cause and filed the brief for appellant.

Thomas H. Denney, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Dave Frohnmayer, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

Before Buttler, Presiding Judge, and Warren and Rossman Judges.

WARREN, J.

**WARREN, J.**

Defendant appeals a DUII conviction, contending that the trial court erred in deciding that he was not entitled to diversion because of a prior DUII conviction. We affirm.

Defendant was cited on December 6, 1985, and petitioned for diversion. *See* ORS 813.200 to ORS 813.270. The trial court denied the petition, because the state introduced evidence that defendant had been convicted of DUII within ten years of the date of the present offense. ORS 813.210(4)(a). Specifically, he had pled guilty to DUII in The Dalles municipal court on December 22, 1980.

The court record of the 1980 conviction contains, after the phrase "attorney for defendant," the name "Ed Dick," an attorney in The Dalles. At the hearing on defendant's present petition for diversion, defendant, who was unrepresented, stated that he had consulted briefly with an attorney in The Dalles before his 1980 court appearance and the attorney advised him to talk to the district attorney and to plead guilty. He said that he followed that advice but that he did not retain the attorney and that no attorney appeared with him when he entered his plea of guilty. The state contended that the record showing that defendant was represented in the previous matter conclusively established, for the purposes of this proceeding, that he did in fact have counsel when he pled guilty. The trial court ruled that defendant was ineligible for diversion. The attorney who was appointed to represent defendant on the present charge raised the question again before the judge who tried the case, but she declined to reconsider diversion.

Defendant contends that he has raised facts which, if true, would indicate his 1980 DUII conviction in The Dalles was invalid, because he did not have the assistance of counsel when he pled guilty. He contends that under *State v. Grenvik,* 291 Or 99, 628 P2d 1195 (1981), and *City of Pendleton v. Standerfer,* 297 Or 725, 688 P2d 68 (1984), he is entitled to a hearing in this proceeding to determine whether he had counsel in 1980.

Defendant is correct about the law but not about the facts. He told the judge that he had consulted an attorney who advised him to plead guilty; he followed that advice. It is not

controlling that he did not hire or pay the attorney or that the attorney did not appear at the time of the plea. What is controlling is that he had a hearing in this case in which he admitted that he had had legal advice in connection with the prior conviction.[1]

His admissions *to* the judge establish that he had counsel as a matter of law.

Affirmed.

---

[1] Defendant argues that the advice given was inadequate. We have decided that the constitutional validity of a conviction for DUII may not be challenged collaterally if the record shows that defendant had counsel or waived counsel.