Argued and submitted November 30, 1987, conviction vacated and remanded for reconsideration May 18, 1988

## STATE OF OREGON,
*Respondent,*

*v.*

## ELWOOD OLSON,
*Appellant.*

(CR6-1893-20; CA A43999)

754 P2d 630

Thomas J. Crabtree, Bend, argued the cause for appellant. With him on the brief was Crabtree & Rahmsdorff, Bend.

Martin C. Dolan, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Dave Frohnmayer, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

Before Richardson, Presiding Judge, and Newman and Deits, Judges.

PER CURIAM

## PER CURIAM

Defendant appeals his conviction for driving under the influence of intoxicants. He asserts that the trial court erred in refusing to consider his petition for diversion. We vacate the judgment of conviction and remand for consideration of defendant's diversion request.

*Former* ORS 813.210(4)(a) provided that a trial court may not consider a petition for diversion if the defendant had been convicted of a previous DUII within a ten-year period. In 1983, defendant pled guilty to an Idaho driving while intoxicated charge. The record of that conviction shows that he was not represented by counsel, and it does not indicate whether he was properly advised of his right to counsel or voluntarily and intelligently waived that right. We cannot presume a valid waiver from a silent record. *City of Pendleton v. Standerfer,* 297 Or 725, 688 P2d 68 (1984). The conviction is vacated, and the case is remanded to the trial court for reconsideration under the discretionary standards set forth in *former* ORS 813.220. If petition is denied, the court shall reinstate the judgment of conviction.

Conviction vacated; remanded for reconsideration under the discretionary standards in *former* ORS 813.220.