Submitted on record and briefs May 30, affirmed December 19, 2007

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

DARREL GENE LEWIS,
*Defendant-Appellant.*

Tillamook County Circuit Court
036126; A123966

174 P3d 1043

Peter A. Ozanne, Executive Director, Peter Gartlan, Chief Defender, Legal Services Division, and Bronson D. James, Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant.

Hardy Myers, Attorney General, Mary H. Williams, Solicitor General, and Judy C. Lucas, Senior Assistant Attorney General, filed the brief for respondent.

Before Landau, Presiding Judge, and Brewer, Chief Judge, and Ortega, Judge.

LANDAU, P. J.

## LANDAU, P. J.

Defendant appeals a judgment of conviction for theft in the second degree. ORS 164.045. He assigns error to the trial court's denial of his motion to dismiss on the ground that he had been required to appear without the assistance of counsel at arraignment. We affirm.

The relevant facts are not in dispute. Defendant was arrested and appeared in court on March 31, 2003, without counsel. At that first appearance, the trial court informed defendant of the charges against him and advised him of the right of indigent defendants to apply for court-appointed counsel. Because of the state's lack of sufficient indigent defense funding at that time, the court advised defendant that he could apply for such a court-appointed attorney on or after July 1, 2003, which was the start of the state's next fiscal biennium. In the meantime, the trial court neither requested nor entered any plea by defendant. Instead, the trial court postponed the conclusion of the arraignment and set July 22, 2003, as the date for defendant to again appear and enter a plea. Defendant was released pursuant to a conditional release agreement. On July 2, 2003, defendant applied for and received appointed counsel. Represented by counsel, defendant then appeared in court on July 22, 2003, and entered a plea of not guilty.

Defendant then moved to dismiss the charge against him on the ground that he had been denied counsel during the 13-week time period between his initial appearance and the entry of his plea. The trial court denied defendant's motion, and defendant was subsequently convicted following a jury trial. Defendant was sentenced to 24 months' probation and ordered to pay $1,000 in costs.

On appeal, defendant contends that the trial court erred in denying his motion to dismiss. According to defendant, his right to counsel attached at his first court appearance on March 31, 2003, and the court's failure to appoint counsel until 13 weeks later violated his right to counsel under Article I, section 11, of the Oregon Constitution, and the Sixth Amendment to the United States Constitution.[1]

---

[1] Defendant does not argue that his statutory right to counsel at arraignment was violated. ORS 135.040; ORS 135.045.

Defendant argues that, during that time, the "weight of the state * * * continued to operate against defendant."

The state responds that defendant's right to counsel was not violated in this case because he was not actually arraigned until his plea was submitted on July 22, 2003, at which point he was represented by counsel. In the meantime, the state contends, defendant was not subject to any adversarial contact that might otherwise have required the appointment of counsel. In any event, the state argues, even assuming that defendant's right to counsel was violated, the remedy is the suppression of any evidence that was obtained in violation of that right. In this case, the state notes, defendant has not identified any such evidence.

■■ We begin with defendant's argument that he was denied the right to counsel in violation of Article I, section 11, of the Oregon Constitution. *See State v. Kennedy*, 295 Or 260, 265, 666 P2d 1316 (1983) (courts address state constitutional issues before those under the federal constitution). Under Article I, section 11, "once a person is charged with a crime[,] he or she is entitled to the benefit of an attorney's presence, advice and expertise in any situation where the state may glean involuntary and incriminating evidence or statements for use in the prosecution of its case against defendant." *State v. Sparklin*, 296 Or 85, 93, 672 P2d 1182 (1983). The usual remedy for violation of a defendant's Article I, section 11, right to counsel during the investigative phase of a criminal proceeding is suppression of any evidence obtained in violation of that right. In *State v. Dinsmore*, 342 Or 1, 10, 147 P3d 1146 (2006), for example, the court concluded that a police officer's presence during a defendant's telephone call with her lawyer before taking a breath test violated her right to counsel under Article I, section 11. "The remedy for that violation," the court held, "is exclusion of the breath test result" that had been obtained in violation of her right. *Id.*

■ In this case, even assuming *arguendo* that defendant was unconstitutionally deprived of his right to counsel from the time of his first appearance until he entered his plea, the fact remains that he has identified no evidence that the state obtained in violation of that right. Nor has he identified any other way in which he was prejudiced by the state's failure to

provide him with a lawyer during that period of time. He simply asserts, as we have noted, that the "weight of the state" continued to operate against him during that time in some unspecified way. We reject defendant's state constitutional contentions without further discussion.

■　　　We turn to defendant's federal constitutional claim. The Sixth Amendment provides that, "[i]n all criminal prosecutions, the accused shall enjoy the right * * * to have the Assistance of Counsel for his defen[s]e." Although the Sixth Amendment guarantees an indigent criminal defendant the right to court-appointed counsel, *Gideon v. Wainwright*, 372 US 335, 343-45, 83 S Ct 792, 9 L Ed 2d 799 (1963), that right does not extend to indigent defendants convicted of a misdemeanor where no actual imprisonment is imposed, *Scott v. Illinois*, 440 US 367, 373-74, 99 S Ct 1158, 59 L Ed 2d 383 (1979) (providing that the Sixth Amendment does not guarantee the right to counsel in misdemeanor prosecutions—even if imprisonment is authorized as a potential sentence—when the defendant's sentence includes no actual imprisonment), *adhered to by Nichols v. United States*, 511 US 738, 746-47, 114 S Ct 1921, 128 L Ed 2d 745 (1994); *see also City of Pendleton v. Standerfer*, 297 Or 725, 729, 688 P2d 68 (1984) ("With misdemeanor prosecutions, * * * the federal right [to counsel] extends only to those cases in which actual imprisonment is imposed[.]") (citing *Scott* generally).

■　　　In this case, defendant was convicted of theft in the second degree, which ORS 164.045(2) classifies as a Class A misdemeanor. Although imprisonment is authorized for Class A misdemeanors, ORS 161.615(1), defendant was sentenced to 24 months of probation and $1,000 in costs; he received no jail time. Accordingly, defendant had no right to counsel under the Sixth Amendment.

■■　　In any event, as in the case of the violation of defendant's Article I, section 11, right, defendant's right to counsel under the Sixth Amendment during the investigative phase of a criminal proceeding entitles him to exclusion of any evidence obtained in violation of that right. *Massiah v. United States*, 377 US 201, 206-07, 84 S Ct 1199, 12 L Ed 2d 246 (1964) (evidence obtained in violation of Sixth Amendment right to counsel must be suppressed); *State v. Randant*, 341

Or 64, 75, 136 P3d 1113 (2006), *cert den*, ___ US ___ , 127 S Ct 1296 (2007) (discussing suppression of evidence as remedy for obtaining evidence in violation of Sixth Amendment right). In this case, he has identified no such evidence. Nor has he identified any other way in which he was prejudiced by any violation of his Sixth Amendment right.

We conclude that the trial court did not err in denying defendant's motion to dismiss on the ground that he was denied the right to counsel under the state and federal constitutions.

Affirmed.